(117 So. 645)

## WORTHINGTON v. WORTHINGTON.
### (6 Div. 83.)

Supreme Court of Alabama. June 28, 1928.

Earl McBee and Hugh A. Locke, of Birmingham, for appellant.

M. B. Grace, of Birmingham, for appellee.

SAYRE, J. April 21, 1924, Carrie L. Worthington had a decree of divorce from her husband, W. J. Worthington, and for a monthly allowance of $150 for the support of herself and two minor children. The relief sought by way of divorce was not contested, and the monthly allowance was fixed by the decree in accordance with an agreement between the parties. The decree stipulated as follows:

"It is further adjudged and decreed by the court that the respondent shall pay, and the complainant shall accept, the sum of one hundred fifty ($150.00) dollars per month in lieu of any and all alimony, to which she may have a right under the laws of the state of Alabama, and the said one hundred fifty (150.00) dollars shall be payable on the 1st day of each month, beginning on the 1st day of May, 1924, and continuing up to and including the day when the older of said children shall become 21 years of age, after which time said sum shall be reduced to one hundred ($100.00) dollars per month, which sum shall be paid monthly until the youngest child shall become 21 years of age; after said youngest child shall have reached the age of 21 years, said sum to be paid the complainant shall be fifty ($50.00) dollars per month." And: "It is further adjudged and decreed that the said sum of money which the respondent obligates himself to pay, and which is decreed he shall pay, shall be used by the complainant for the maintenance and support of the said minor children, in any manner she deems their best interest requires; and the complainant shall be the sole judge of the manner in which said sum, or any part thereof, shall be spent, and shall use her sound discretion in and about the expenditure of said sum for the maintenance and support of said children." And: "It is further decreed by the court that no change of the social or economical conditions of either of the parties, or a change of the circumstances of either or both of the parties, or of the children, shall increase or diminish the amount herein decreed to be paid by the respondent in lieu of alimony and for the support of the herein named children and such amount shall remain as herein fixed at one hundred fifty ($150.00) dollars per month during the life or minority of the said children, provided, however, in the event one of the herein named children shall die before attaining the age of 21 years, then in that event, the respondent shall pay to the complainant the sum of one hundred ($100.00) dollars per month, and in the event both of said children die before attaining the age of twenty-one years, such amount shall be reduced and fixed at the sum of fifty ($50.00) dollars per month to be paid to the complainant by the respondent in the manner and at the time above provided for in this decree, during the minority of said surviving child, or the remarriage of the complainant, it being decreed by the court that in the event of the death of both of the said children and the complainant [has] have not married again, the respondent shall pay to her the sum of fifty ($50.00) dollars per month, which amount shall be in lieu of her right to alimony against the respondent under the laws of Alabama."

December 16, 1925, Carrie L. Worthington filed her supplemental bill on the ground and with the result shown by the report of the appeal which followed. Worthington v. Worthington, 215 Ala. 447, 111 So. 224.

The present appeal arises out of a supplemental petition filed by Carrie L. Worthington, appellee, August 16, 1927, in which she prays for an order of reference to ascertain what estate appellant owns, "what additional amount, if any, would be reasonable to be allowed and fixed for the maintenance of complainant and the maintenance and education of the children," and an allowance for appellee's counsel in the matter of the supplemental petition. In support of the petition now under consideration the effort is to show that appellee in making the agreement put into effect by the first decree in the cause of appellee was overreached and "forced" to concur in the agreement by the fraud of appellant. In the original cause, it was referred to the register to ascertain what estate the present appellant had, and, upon evidence heard by the register, it was ascertained that appellant was worth $35,000, and upon the basis of that ascertainment the present appellee entered into the agreement governing the amount of the allowance to herself and children which was carried forward into the decree. The contention for the fraud now relied upon amounts to this only: That present appellant was then "worth $300,000 to $400,000, a large part of it being in property which the respondent [this appellant] had hid out, covered up, the title in the name of some one else, incumbered with bogus mortgages, making it difficult for complainant [appellee] to show the true financial worth of respondent." It is averred that since the time of the first decree appellant has come into possession of additional property, by inheritance, amounting to $60,000. But, clearly, if the agreement is binding upon appellee, this last-mentioned circumstance can be given no weight as affecting the allowance for the wife, for the court has held that, as to the allowance for the wife, decrees conceived and pronounced as was this cannot be opened except for fraud. Gabbert v. Gabbert (Ala. Sup.) 117 So. 214.[1] Nor can the fraud averred in this cause suffice to open the decree, for appellee's petition now amounts to nothing more nor less than a proposal to retry the issue then tried before the register for the

[1] 217 Ala. 599.

sole reason that it was then "difficult for complainant [appellee in this appeal] to show the true financial worth of respondent [appellant]." The rule upon which—for one thing at least—the finality of every judgment and decree must depend is that equity will not undertake, on the ground here averred, to try and determine anew the precise question which has been once in due course tried and determined. Bolden v. Sloss-Sheffield Co., 215 Ala. 334, 110 So. 574, 49 A. L. R. 1206. There was disclosed in the case just cited great diversity of opinion among the judges, but there was no opinion to the contrary of what has been here said. In so far, then, as the petition now before the court seeks an additional allowance for the personal use and benefit of appellee, it is devoid of equity.

But the case alleged on behalf of the children presents a different opinion. The minor children of the parties are not bound by the contract into which they (the parties) entered nor by the decree in agreement therewith. It was so held on abundant authority on the former appeal in this cause. Appellant seems to acquiesce in that rule and bases his objection to the present petition on the proposition that no change of circumstances is shown that would justify the court in decreeing additional relief to the children at this time. We think the petition presents a case calling for a new examination of the status and needs of these children. At that time the court proceeded on the assumption that appellant's financial resources amounted to $35,000. That must be so accepted as conclusive so far as the wife is concerned. But now on behalf of the children, who have grown older, must be sent to school, and whose needs, it may be safely assumed, are greater than they were four years ago, the decided change in the circumstances of the father, alleged now to be worth $300,000 to $400,000, and the increased needs of the children, authorize and require a new inquiry and, it may be, a new decree. We are unable to say as matter of law that there has been no material change in the situation as between appellant and his children or that the court, considering the whole case as between them, should not entertain the supplemental petition now in question. Bartee v. Matthews, 212 Ala. 667, 103 So. 874; Black v. Woodruff, 193 Ala. 327, 69 So. 97, Ann. Cas. 1918C, 969.

Carrie L. Worthington in the supplemental petition now in question, in so far as it seeks help for the children of appellant and herself, files her petition "as the mother and next friend of William Jacob Worthington, Jr., and Mary Augusta Worthington, minors," sets up the original proceedings, and asks relief for the children. On the authority of Bowie v. Minter, 2 Ala. 406, appellant demurred, and now insists that his demurrer

should have been sustained for the reason that, since the relief prayed was for the benefit of the children, they should have been named as the actors in the supplemental proceeding, which should have been entitled "William Jacob Worthington, Jr., and Mary Augusta Worthington, who sue by their next friend, Carrie L. Worthington." Section 5689 of the Code authorizes suits by guardians in their own names for the use of their wards. But it has been decided that this section does not apply to suits in equity. Blackman v. Davis, 42 Ala. 184; West v. West, 90 Ala. 458, 7 So. 830. We suppose the rule of the cases referred to must now be followed, at least in cases in which the decree sought will conclude the minor in his property or estate. In this case the original cause was prosecuted in the name of the mother, and the decree was for payments to her for the use of her children until they should become of age. Our judgment is that, if there is any substantial difference between a suit by a person as mother and next friend of named infants and a suit by infants who sue by their next friend when a decree is sought to conclude the infants, as may be the case, the present petition, supplemental to a cause in which the mother and next friend, petitioner here, was sole party complainant, is not improperly filed, and the demurrer now in question was not erroneously overruled.

The decree is affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

ANDERSON, C. J. While I concur in the opinion and result of this case, I do not wish to hold that the decree in question is appealable. Buttrey v. Buttrey, 214 Ala. 465, 108 So. 35, and same case in post, p. 268, 118 So. 282. True the appeal is from a decree on demurrer to the petition, but the statute as to appeals applies to rulings on demurrer to bills and cross-bills and not petitions.