HOLMES, Judge.
This appeal is from the Circuit Court of Houston County. The trial court modified the provisions of a prior decree divorcing the parties June and Donald Brice. Appellant June Brice appeals from that judgment of modification.
The dispositive issue presented before us is whether the trial judge erred to reversal by granting the petition of appellee Donald Brice to modify the prior divorce decree. We find the learned trial judge did so err, and reverse and remand the cause.
The following pertinent facts are revealed by the record:
Appellant-wife in October of 1974, filed a complaint seeking a divorce from appellee-husband on the grounds of cruelty and incompatibility of temperament. On January 9, 1975, the parties filed with the court an agreement between them as to child custody, alimony, property division, and other matters. The court on January 10, 1975, divorced the parties on the ground of incompatibility of temperament and specifically incorporated the aforementioned agreement into its decree. The portions of the decree pertinent on this appeal provide that the husband is to pay the wife $1,800 per month as alimony and $177 every three months for payment of the quarterly premiums of a life insurance policy insuring the husband and owned by the wife. Additionally, the agreement provided for the payment of the parties' debts in the following manner:
“Plaintiff [Mrs. Brice] agrees to pay the following outstanding charge accounts: Master Charge, Bankameri-card, Sears & Roebuck and Montgomery Ward & Company, and Defendant [Dr. Brice] agrees to pay the remaining charge accounts which include Ted’s Jewelers and Joe Hayes Men’s Clothes, Inc.
On May 23, 1975, appellee-husband filed with the trial court a petition requesting modification of the prior divorce decree. The petition alleged, inter alia, that at the time of the agreement described above there existed various debts made by the wife and not mentioned in the agreement, which debts aggregated over $20,000 and that the husband at that time had no knowledge of these debts. The petition prayed that part of the $1,800 per month alimony be diverted to payment of these debts incurred by the wife, and for other relief.
At the hearing on the petition, the husband testified substantially that he had not been apprised of these debts when he entered the agreement. The wife denied this, testifying that he was aware of the debts at the time of the agreement.
The trial court after the hearing entered an order which found that the parties had prior to the divorce decree agreed for divorce purposes to compile and apportion for payment all their debts. Additionally, the court found that the wife failed to inform the husband of all her existing debts, and that the husband entered the above noted agreement in the mistaken belief that the only debts owed by the parties were those *790 enumerated in the agreement. The trial court further specifically found, based on the foregoing, that the wife fraudulently induced the husband to enter the agreement, which was later incorporated into the divorce decree.
Based on these findings of fact, the trial court modified its prior decree of divorce as follows: The husband was directed to pay those of his wife’s debts which were withheld from his knowledge at the time of the divorce decree; the husband was also ordered to divert $1,000 of the $1,800 monthly alimony payments to the discharge of the wife’s debts, until her indebtedness was fully satisfied; and he was ordered to pay the quarterly life insurance premiums directly to the insurance company.
As noted earlier, the wife appeals from this order of the trial court modifying the divorce decree.
To this court, the petition of appellant-husband is in substance a motion for relief filed pursuant to Rule 60(b)(3), ARCP, which provides as follows:
“On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . ”
As seen from the above, the relief sought by the husband in his petition is based upon what appears to be an averment of fraud, rather than upon changed circumstances subsequent to the rendition of the divorce decree. Furthermore, it is clear that the learned trial court’s decree is also based upon a finding that the appellee-wife committed fraud. The record reveals that the entire thrust of the proceedings held on the petition was directed toward the alleged fraud committed by the wife.
These proceedings clearly were not conducted as a modification of alimony hearing. There was no testimony of changed conditions which would warrant a modification of alimony. It is settled law that alimony previously awarded to the wife may be modified only upon a showing that there has been a material change in the circumstances of the parties since the rendition of the former decree. O’Dell v. O’Dell, 57 Ala.App. 185, 326 So.2d 747. Here, no such showing was made, the testimony in its entirety going rather to the issue of fraud concerning the above described agreement.
As such, we consider the husband’s petition to be a Rule 60(b)(3) motion for relief from judgment. Such a motion “ . shall be made . . . not more than four months after the judgment, order, or proceeding was entered or taken.” Rule 60(b), ARCP. The trial court’s decree of divorce was entered on January 10, 1975. Appellee-husband’s petition was filed on May 23, 1975. The petition thus came too late to be efficacious, and, considering the mandatory provision of the rule, was due to have been denied.
However, notwithstanding the above, we are of the opinion that the relief prayed for by the husband could not have been granted even had the petition been timely filed.
Able counsel for appellant-wife has cited to us in brief the Alabama Supreme Court case of Worthington v. Worthington, 218 Ala. 80, 117 So. 645, which we have found to be helpful in our consideration of the situation at bar. In Worthington, the husband and wife entered into a predivorce agreement which fixed the allowance to the wife and children. This agreement was incorporated into the decree of divorce. The wife subsequently learned that the husband at the time of the agreement had misrepresen-' ted his assets to be considerably less than they in fact were. The wife had relied on the husband’s representations in agreeing to the amount of support which she would receive upon their divorce. Her petition to reopen the decree on the ground of the husband’s fraud was denied by the supreme court, which stated:
“Nor can the fraud averred in this cause suffice to open the decree, for appellee’s petition now amounts to nothing more nor less than a proposal to retry the issue *791 then tried before the register for the sole reason that it was then ‘difficult for complainant [appellee in this appeal] to show the true financial worth of respondent [appellant].’ The rule upon which—for one thing at least—the finality of every judgment and decree must depend is that equity will not undertake, on the ground here averred, to try and determine anew the precise question which has been once in due course tried and determined.
We find the Worthington case to be factually indistinguishable from the present one, for the purpose of a 60(b)(3) motion, and conclude that such a motion could not properly be granted under the instant set of facts.
Even though Rule 60(b)(3), ARCP, as set out supra, by its express terms abolishes any distinction between intrinsic and extrinsic fraud as grounds for a motion under the rule, we note that the new rules are procedural only and do not purport to alter the substantive law of Alabama. Thus, while the old intrinsic-extrinsic dichotomy is procedurally dead under 60(b)(3), the rule does not delineate any substantive law dealing with relief from judgments on the ground of fraud. As such, this court considers itself bound by the law expounded in the Worthington case, supra, as an apt solution to the problem before us.
We feel that our holding in this case is bottomed on particularly strong requirements of public policy. While the federal courts in considering the federal counterpart of Rule 60(b)(3) have adopted a liberal criterion for the manner of fraud required to grant relief from judgment, see Wright & Miller, Federal Practice and Procedure: Civil § 2861, we take the viewpoint that the sanctity of judgments outweighs the injustice which might affect the individual litigant in a particular case. The obvious societal interest in the finality of judgments mandates that not every species of fraud will suffice for a judgment to be reopened. Granting the husband’s petition in this case meant relitigation of issues previously before the trial court, issues which involve matters subject to discovery and points of credibility. If such a view were to prevail, much litigation would be interminable and no party could take his judgment with the assurance that it would serve its function as a final determination of his rights and liabilities.
We would finally specifically point out that by the foregoing discussion we express no opinion on the construction to be accorded the agreement entered into between appellant and appellee.
We accordingly hold, in view of the above, that the learned trial court erred to reversal by his action granting appellee-husband’s petition. The case is therefore due to be reversed and remanded. However, we would be remiss in not commenting that this is a difficult case. We can appreciate the learned trial court’s dilemma and understand his action. However, as seen from the above, we are compelled to reverse.
REVERSED AND REMANDED.
WRIGHT, P. J., and BRADLEY, J., concur.