This is a petition for the modification of a divorce decree. Two basic issues are presented: First, whether the Court of Civil Appeals, 58 Ala. App. ___, 340 So.2d 788 erred in denying the modification based upon the fact that there had been no material change in the circumstances of the parties since the rendition of the first decree. Second, whether Rule 60 (b)(3) of the Alabama Rules of Civil Procedure applies in this case with its four-month statute of limitations rather than Rule 60 (b)(6), which has a broader statute of limitations.
June Brice, former wife of Donald Brice, filed a complaint for divorce on the grounds of cruelty and incompatibility of temperament. On January 9, 1975, the parties filed with the trial Court an agreement as to alimony. The next day the trial Court granted the divorce and incorporated this agreement into its decree. The pertinent portion of the decree was an order directing Dr. Brice to pay his wife $1800 per month alimony and $177 every three months for premiums on a life insurance policy. Additionally, the agreement in question provided for the payment of debts in the following manner:
 "Plaintiff [Mrs. Brice] agrees to pay the following outstanding charge accounts: Master Charge, Bankamericard, Sears Roebuck and Montgomery Ward 
Company, and Defendant [Dr. Brice] agrees to pay the remaining charge accounts which include Ted's Jewelers and Joe Hayes Men's Clothes, Inc. . . ."
On May 23, 1975, Dr. Brice filed a petition requesting a modification of this decree. He alleged that at the time the above agreement was presented to the Court there existed various debts made by Mrs. Brice unknown to him and not mentioned in the agreement. Some of these unknown debts were (1) approximately $20,000, Saad Jewelers, (2) $500, Tom Black Jewelers, (3) $333.56, Van Ritch, Inc., (4) $1,202.16, J.E. Neilson Co., and (5) an amount unknown to the First National Bank of Dothan. Dr. Brice further contended at trial that his former wife forged his signature on some bank loans which were made prior to the decree in the amount of $3400 and $4600.
Mrs. Brice has failed to pay these debts and charge accounts and Dr. Brice testified that, as a result, he has received numerous telephone calls and letters which have embarrassed and harassed him; and that, because of these outstanding debts, his credit and reputation in the community is being ruined.
The trial Court, after hearing all of the testimony, made the following findings of fact:
1. That prior to the original divorce decree Dr. and Mrs. Brice agreed to compile a *Page 794 
list of all their debts incurred so that an agreement could be reached between them as to which debts would be paid by whom.
2. That Mrs. Brice supplied her attorney with a list of debts but failed to list the following: account to Tom Black Jewelers, $540.24, account to Van Ritch, Inc., $335.36; account to Saad Jewelers, $22,231.88; account to J.E. Neilson Co., $1,202.16; account to Frances Fashions, $200; account to Commercial Credit, $6,819.84; account to Dothan Bank and Trust Co., $3,400.
3. That fraud was practiced on Dr. Brice by Mrs. Brice in inducing him to enter into the agreement made a part of the Court's decree.
4. That fraud was practiced on the Court in that Mrs. Brice asked the Court to make this agreement a part of the Court's decree and that a substantial period of time passed after the Court entered its decree before Dr. Brice discovered the debts Mrs. Brice had made and had not advised him.
5. That Dr. Brice had suffered considerable harassment and embarrassment because of Mrs. Brice's failure to pay both the debts mentioned in the agreement and the debts which she failed to make known to Dr. Brice.
Based on these findings of fact, the trial Court modified its prior decree of divorce by ordering Dr. Brice 1) to pay those of his wife's debts which were withheld from his knowledge, and 2) to divert $1,000 of the $1800 monthly alimony payments to the discharge of his wife's debts until her indebtedness was fully discharged.
The Court of Civil Appeals reversed the trial Court's order, basing its decision upon two points:
1. The time limit of four months set out in Rule 60 (b)(3), ARCP, barred Dr. Brice from availing himself of this remedy since he filed too late.
2. There was no testimony of changed conditions which would warrant a decree of modification.
We hold that the Court of Civil Appeals erred in misapplying the law to the trial Court's findings of fact. We reverse the judgment and remand the cause to the Court of Civil Appeals with instructions to affirm the trial Court's decree.
At the outset it is noteworthy to observe that the Court of Civil Appeals' opinion neither modifies nor questions the trial Court's findings of fact, which include a finding that fraud had been practiced upon the Court in procuring the initial decree of divorce. Our review, therefore, accepts the trial Court's findings of fact, as did the Court of Civil Appeals under the rule of ore tenus, and concerns itself with the correctness vel non of that Court's application of the law to the accepted facts.
Rule 60, ARCP (Relief from Judgment), provides in subsection (b) in part: ". . . the court may relieve a party . . . from a final judgment . . . for the following reasons: . . . (3) fraud . . . (6) any other reason justifying relief . . . The motion shall be made within a reasonable time, and for reasons [of fraud] not more than four months after the judgment . . ."
Mrs. Brice contends that Rule 60 (b)(3) and 60 (b)(6) are mutually exclusive and thus Dr. Brice's claim should be barred. Whether Rule 60 (b)(6) is available to obtain redress from a judgment obtained by fraud upon the Court that is not discovered in time to bring a motion under Rule 60 (b)(3) is of academic interest merely because of an additional provision of the rule.[1]
Rule 60 (b), ARCP, specifically states: "This rule does not limit the power of a court to entertain an independent action within a reasonable time and not to exceed three years after the entry of the judgment (or such additional time as is given by Tit. 7, §§ 36 and 42, Code of Ala.) to relieve a party from a judgment, order, or proceeding, or to set aside a judgment *Page 795 
for fraud upon the court."[2] Dr. Brice's petition was filed well within one year from the discovery of the fraud and within three years from the initial decree as prescribed by this provision of the rule. Accordingly, we conclude that Dr. Brice's petition is not barred even though it was not filed within the four-month requirement of 60 (b)(3).
Moreover, this Court is committed to the proposition that, under circumstances not dissimilar to the instant case, a court is not without jurisdiction to exercise its inherent power to set aside and vacate a judgment because of supervening invalidity based on fraud practiced on the court by a party in the procurement of a judgment. Crisco v. Crisco, 294 Ala. 168,313 So.2d 529 (1975).
The second contention of Mrs. Brice is that a divorce decree may not be modified without a material change in the circumstances of the parties. It is her contention that, since Dr. Brice made no offer of proof concerning material change, his petition should be denied.
Although the general rule is that before a modification of a divorce decree may be granted there must be a material change in the circumstances of the parties, we feel that it is inapplicable to this case. O'Dell v. O'Dell, 57 Ala. App. 185,326 So.2d 747 (Civ.App. 1976). It is assumed in this rule that the petitioner is seeking to modify a valid divorce decree free from fraud perpetrated upon the court in the procurement of the decree. This assumption cannot be made in the instant case. In addition to the changed circumstances requirement, the complete rule states that the petitioner must also prove that these changed conditions justify the modification. Block v. Block,281 Ala. 214, 201 So.2d 51 (1967); Callen v. Callen, 257 Ala. 226, 58 So.2d 462 (1952).
It becomes clear that the purpose of this rule is to protect the parties by requiring a heavy burden to modify a valid decree. This protection is unwarranted in the case before us. To offer such protection to one who has worked fraud upon the court in the illegal obtaining of a divorce decree would be an injustice. In reality, then, this is an independent action to set aside a judgment for fraud upon the court and not a petition to modify.
We, therefore, reverse the decision of the Court of Civil Appeals and remand this cause for affirmance of the trial Court's decree.
REVERSED AND REMANDED.
All the Justices concur.
[1] See, however, 11 Wright Miller, § 2860.
[2] This is not an affirmative grant of power but merely allows continuation of whatever power the court would have had to entertain an independent action if the rule had not been adopted. Simons v. United States, 452 F.2d 1110 (2nd Cir. 1971). See also Moore's Manual on Federal Practice and Procedure, § 20.06.