HOLMES, Judge.
The Circuit Court of Montgomery County modified a previously awarded amount of child support. Specifically, the trial court reduced the amount of child support for two minor children from approximately $180 every two weeks to $136 every two weeks. The wife through able counsel appeals. We affirm.
The dispositive issue is whether the trial court abused its discretion in reducing the amount of child support. We find it did not commit such an abuse as to require a reversal of its action.
At the outset, we would note that the record before this court is hardly a paragon of clarity. In any event, viewing the record with the attendant presumption of correctness the law requires, we find the following:
At the time of the previous award of child support, the father had income of approximately $26,500. The year prior to the present modification hearing, the father had income of approximately $17,000. There was some evidence that his income would even be reduced more in the coming months. However, we deem the testimony as to future income reduction to be speculative.
The reason for the reduction from $26,500 to $17,000 appears to be that the husband is now medically retired as an air traffic controller. This retirement was for a “nervous disorder.” He is now enrolled in college and will soon receive his master’s degree.
While able counsel for the mother presents cogent reasons why the trial court should not have reduced the award of child support, the fact remains that there is testimony, if chosen by the trial court to be persuasive, that the father’s income has been considerably reduced. This, in this instance, prevents our reversing the trial court.
It is the law in Alabama that the modification of a prior provision for child support is a matter within the sound discretion of the trial court. This court will not disturb such discretion unless there is such an abuse of discretion as to make the decision plainly and palpably wrong. See Travis v. Travis, Ala.Civ.App., 345 So.2d 321 (1977); White v. White, Ala.Civ.App., 334 So.2d 908 (1976). We cannot say that the trial court is plainly and palpably wrong.
It is also the law in Alabama that we cannot substitute our judgment for that of the trial court if there is any reasonable inference presented from the evidence that the decree is correct. Edwards v. Edwards, Ala.Civ.App., 333 So.2d 597 (1976); Sutton v. Sutton, 55 Ala.App. 254, 314 So.2d 707 (1975).
We would note, as we understand the trial court’s decree, that the alimony provision of the previous decree is not affected. Put another way, the wife’s award of alimony is not reduced.
We would also note that the wife is not prevented from seeking modification of child support and/or alimony in the future; particularly, in view of the fact that presumably the husband will seek gainful employment upon graduation. Such employment will hopefully enable him to better provide for his minor children.
In view of the above, this case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.