Husband appeals from a divorce decree modification requiring him to pay $175 per month for child support and a denial of a motion for rehearing and petition for modification.
The parties were divorced on February 12, 1976. They had been married about six and a half years. There were no children born of the marriage. On April 8, 1971 the husband adopted the wife's son, Jeffrey Alan. The adoption decree provided that the son was invested with "every legal right, privilege, obligation and relation in respect to education, maintenance and the right to inheritance." A petition to modify the divorce decree in regard to child support was filed by the wife on April 20, 1978. She alleged a substantial change in circumstances in that it had become necessary for her to spend more money for the support of the parties' minor sixteen year old son. An oral hearing was conducted in June 1978. Testimony and evidence showed the following: The needs of the son had increased. He would require oral surgery. The wife has to pay special prices for the son's clothes due to his height and slender build. Because of the son's high IQ, he attends the Academically Gifted School in Shades Valley.
The wife baby-sits with children for a living. She receives $25 per week for each child. At the time of the hearing, the wife kept five children in her home. During the summer her income is cut in half. The wife's gross income from the child care was about $7,000 in 1977. Rental income from a house the wife owned supplemented her child care income until she sold the rental house in 1977. The wife received about $16,000 for the house and applied the money to the balance left on her present home. The wife owns about $7,000 worth of church bonds; receives bond interest of $375 per year; has about $200 in savings; and owns six lots.
The husband has worked as a statistical clerk with U.S. Steel Corporation for about *Page 310 
thirty-five years. He grossed about $20,000 in 1977. He has two outstanding debts for a car and a home improvement loan. The husband had voluntarily severed all relations with the son since the divorce and desired no visitation.
The decree of modification was dated August 1, 1978. It reads in part:
 2. Plaintiff, O.G. PERCER, shall pay to Defendant, EVELYN PERCER, the sum of ONE HUNDRED SEVENTY-FIVE DOLLARS ($175.00) per month as support and maintenance of the minor child, JEFFREY ALAN PERCER, and Further, said support and maintenance payments are to be effective August 1, 1978 and continue each month thereafter until the said JEFFREY ALAN PERCER, reaches the age of 19 years or marries, whichever occurs first.
Within thirty days, on August 23, 1978, the husband filed a motion for rehearing and a petition for modification. The motion and petition both were denied on September 6, 1978. Notice of appeal was filed September 28, 1978.
On appeal the husband contends that the petition filed by the wife was a petition for modification of a divorce decree rather than a supplemental petition for child support; that a material change in circumstances was not proved; that his wife is able to support the minor child with her income; and that the parties are bound by the agreement incorporated into the divorce decree providing that the "sole" support of the child consists of the maintenance of insurance.
We commence our review of these issues by saying that we will not disturb the order of a trial court which modifies a prior child support decree unless it appears that court has plainly and palpably abused its discretion in the matter. Armagost v.Armagost, Ala.Civ.App., 357 So.2d 362 (1978); Strother v.Strother, Ala.Civ.App., 355 So.2d 731 (1978); see 15A Ala.Dig.Parent Child 3.3 (10). Also, we wish to point out that the burden of proving a material change in circumstances since the prior decree is on the party seeking a modification. McEntirev. McEntire, Ala.Civ.App., 345 So.2d 316 (1977).
The changed needs, conditions, and circumstances of the child, coupled with the father's ability to meet such needs, are factors to be considered in determining whether there are such changed circumstances as to justify modification of child support. Womble v. Womble, 56 Ala. App. 318, 321 So.2d 660,cert. den. 295 Ala. 429, 321 So.2d 664 (1975). In this case increased needs of the child were shown. In addition, no evidence was produced that the father was unable to pay an increased amount of child support.
We agree with the husband that the wife filed a petition to modify the prior decree to receive increased child support rather than a supplemental petition as was the case inArmstrong v. Sparks, Ala.Civ.App., 360 So.2d 1012 (1978). The divorce decree in the case at bar reflects that an agreement made by the parties was incorporated therein. The agreement contained the following provision relating to child support:
 7. The only child support the parties agree upon, shall be that the Plaintiff will retain his stepson on his company paid Blue-Cross Blue-Shield Insurance.
Granted, the decree did not specify a specific, monetary amount to be paid weekly, bi-weekly or monthly, but it did provide for child support to the extent that the husband-father was required to maintain health insurance for the child. This is an award of child support such as to authorize a modification thereof.
The situation was different in Armstrong v. Sparks, supra. In that case there was no agreement for the father to pay child support in any form, nor did the trial court order the payment of child support in any form. This court concluded that in the absence of an award of child support there could be no modification thereof. Accordingly, we held that child support could be awarded only upon the filing of a supplemental petition.
In the case at bar the proper petition was filed by the defendant-mother. *Page 311 
The next contention of plaintiff-husband is that the wife is able to support the minor child with her income. The primary responsibility for the support of minor children rests on the father. Womble, supra. The duty of a father to support his children is founded upon his ability to meet the children's needs, not the mother's ability. Her ability to support minor children becomes a factor only when the proof shows a lack of financial capability in the father. Collier v. Collier,57 Ala. App. 208, 326 So.2d 769 (1976). No such proof appears in this case.
The husband's contention that the parties are bound by the agreement incorporated into the divorce decree may contain merit. Rouse v. State, 43 Ala. App. 171, 184 So.2d 839 (1966); however, an agreement of the parties providing for support of children is not binding on the children. Worthington v.Worthington, 218 Ala. 80, 117 So. 645 (1928); Tucker v. Tucker,280 Ala. 608, 196 So.2d 724 (1967); Rouse v. State, supra.
After a thorough review of the evidence in this record, we do not find that the trial court abused its discretion by requiring the father to pay an increased amount of child support, and we therefore affirm the decree.
The wife's request for attorney's fee on appeal is granted in the amount of $350.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.