This is an independent action in equity for relief from a judgment. The parties were divorced on March 10, 1977, by decree of the Elmore County Circuit Court. The divorce was granted upon complaint, answer and waiver. On December 21, 1977, the wife filed an independent action for relief from judgment pursuant to Rule 60 (b), ARCP, based on fraud and misrepresentation in obtaining her signature to the answer and waiver to the divorce complaint.
The wife alleged that the husband concealed from her the fact that the attorney who prepared the divorce complaint and the answer and waiver which she signed had been hired by him and had a duty to represent his interests. She further alleged that the husband concealed from her the fact that she had a right to employ individual counsel and he represented to her that if she would sign the answer and waiver, he would pay her certain money which she claimed was owed to her. Answer was duly entered and the matter was submitted to the trial court on the depositions of the parties and exhibits.
The trial court's order granted partial relief to the wife. Specifically, the husband was ordered to pay the balance of an outstanding note executed by the parties during their marriage. It was determined that the wife was not entitled to any other relief. The wife appeals from the trial court's refusal to set aside the judgment or grant further relief.
Rule 60 (b) provides that relief from a final judgment may be had by motion or by an independent action. Skillman v. FirstState Bank of Altoona, 341 So.2d 691 (Ala. 1977); Rule 60 (b), ARCP. A Rule 60 (b) motion for relief from judgment on the ground of fraud, misrepresentation, or other misconduct of an adverse party must be brought within four months of the judgment. Sheffield v. Sheffield, 350 So.2d 1056 (Ala.Civ.App. 1977).
However, an independent action for relief from a judgment may be brought after the four months has run. Rule 60 (b) specifically states:
 This rule does not limit the power of a court to entertain an independent action within a reasonable time and not to exceed three years after the entry of the judgment . . . to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court.
This provision of the rule continues whatever power the court would have had to entertain an independent action if the rule had not been adopted. Brice v. Brice, 340 So.2d 792 (Ala. 1976). Thus, the trial court has inherent power to afford relief from a judgment because of supervening invalidity based on fraud practiced on the *Page 849 
court by a party in the procurement of the judgment. Brice v.Brice, supra; Crisco v. Crisco, 294 Ala. 168, 313 So.2d 529
(1975).
In passing upon such an attack upon a final judgment, the trial court is allowed wide discretion. In exercising this discretion, the court must balance the desire to remedy injustice against the need for finality of judgments. Tichanskyv. Tichansky, 54 Ala. App. 209, 307 So.2d 20, cert. denied,293 Ala. 775, 307 So.2d 24 (1974).
The trial court in this case in fact granted a part of the relief demanded by the wife. Thus the real issue presented by her appeal is whether the trial court abused its discretion in denying further relief. After a careful review of the record we cannot find the trial court's refusal of further relief to be so unsupported by the evidence as to constitute an abuse of discretion.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.