The issues on this appeal pertain to post-divorce litigation.
Initially, the parties agreed that the husband would pay to the wife $200 per month as child support and $1,200 each month as alimony. Shortly thereafter, they amended those aspects of the agreement so that alimony and child support of $325 each week would be paid, and it was so ordered in the January 1983 divorce judgment. In subsequent contempt proceedings instituted by the wife and after a contested evidentiary hearing, the trial court in February 1985 adjudged that the husband was in arrears in the amount of $4,225 with future payments to remain at $325 per week and with the contempt question being reserved until the husband had an opportunity to pay the arrearage. The parties filed a joint motion in March 1985 reciting that the wife had received payment in full for all pastdue child support and alimony. Therein, the wife waived all future alimony. Attached to the motion was the wife's affidavit that she understood the agreement. Pursuant to the joint motion, the trial court on March 22, 1985 terminated the husband's obligation to make future alimony payments to the wife, dismissed the contempt motion and counterclaims, and provided that the prior final decree remain in effect except as above provided.
The present litigation arose out of the wife's complaint of June 1986 for a divorce. She alleged therein that, subsequent to the 1983 divorce, the parties recommenced the marriage relationship on a common law basis; that, as to the March 1985 motion, as a matter of fact the husband did not pay any past-due child support or alimony to the wife; that the husband had promised to support the wife, to look after her, to maintain the marriage relationship, and to pay the remaining installment payments due on an automobile owned by her. The wife prayed for a divorce but she had an alternative prayer that, if the trial court found that there was no common-law marriage between the parties, she be awarded damages for fraud, misrepresentation, and breach of contract, and that this proceeding be further considered as an independent action under Rule 60(b), Alabama Rules of Civil Procedure, to set aside the March 22, 1985 judgment. *Page 427 
After an ore tenus trial, it was adjudged on April 7, 1987 by the trial court that no common-law marriage existed between the parties; that custody of the minor child remain vested jointly with the parties pursuant to the original agreement and divorce judgment; that, consistent with the original agreement and decree, the husband pay to the wife the sum of $200 per month as child support with the wife being directed to provide therefrom reasonable support for the child, including but not limited to clothing, and that the husband pay to a creditor bank any deficiency which resulted from the foreclosure upon the wife's vehicle as to which a note had been executed by both parties. The trial court additionally reaffirmed the February 1985 judgment and granted a judgment in favor of the wife and against the husband for $4,225. The husband timely appealed and raises three issues.
 I.
Able counsel for the husband argues that the husband should not have been required to pay any child support to the wife.
There was evidence before the trial court that, while the parties have always been vested with joint child custody, their son has resided with the husband since June 1986 except that he spends the night with the wife "a couple of times a month." The wife's testimony was that the husband has refused to provide clothing for the thirteen-year-old boy but that she has met those needs of the child.
There was no petition, motion, or other pleading by the husband which sought a modification of child support. In effect, the husband's child support obligation has remained the same since the 1983 divorce judgment. The trial court did not freshly impose that obligation, but merely restated what the husband was already obligated to do but which the husband had not been actually paying to the wife. There was evidence that the husband failed to furnish clothing for the child and the wife was ordered to provide it out of the payments to be made to her by the husband. In short, the order as to the child support obligation of the husband was not a modification of any prior judgment, and we find no abuse of discretion as to this issue.
 II.
The husband contends that the wife's claim that the husband pay the deficiency to the bank was outside of the scope of this case.
Under Rule 18, Alabama Rules of Civil Procedure, a party may join as many claims, either legal or equitable, as he has against an opposing party, and, according to the committee comments concerning such joinder, there cannot be a misjoinder of claims when there is but one plaintiff and one defendant. No motion for a severance because of the wife's joinder of divorce relief and common-law relief was made by the husband in the trial court.
We find no error as to this issue.
 III.
The husband contends that the trial court erred in reaffirming the judgment of February 20, 1985 and in granting a judgment against him for $4,225.
On March 18, 1985 the parties filed a joint motion to dismiss the motions and counterclaims (which evidently had been adjudicated by the February 20, 1985 judgment), and the joint motion contained an averment that "the wife has received payment in full for all past child support and alimony which was due to her from the husband. . . ." In the present proceedings, the wife testified that, although the husband promised that he would pay the $4,225 to her, the payment to be made after she signed the papers, he failed to do so. The husband swore that he gave $5,000 to her to redeem her jewelry but the wife denied those assertions. The trial court asked the husband whether he paid the $4,225 judgment and the husband replied, "Sir, not that judgment." The trial court's finding of fact and judgment of April 7, 1987 on this issue were as follows:
 "The Court entered a supplemental decree on February 20, 1985, granting *Page 428 
judgment in favor of Mary B. Hill against Billy Jack Hill for arrearages under the decree at that time. Said judgment in Mrs. Hill's favor was in the amount of $4,225.00.
 "On March 22, 1985, an amended decree was entered based on a joint petition signed by the parties, which petition alleged that 'the wife has received payment in full' of said judgment amount of $4,225.00 and all other amounts.
 "The Court specifically finds that said amount was not paid and, therefore, the satisfaction of said judgment as embraced in the amended decree of March 22, 1985 was predicated on erroneous and fraudulent information offered to the Court. It is, therefore,
"ORDERED, ADJUDGED and DECREED as follows:
". . .
 "4. The judgment entered by the Court on February 20, 1985 is hereby reaffirmed. Judgment is, therefore, granted in favor of Mary B. Hill against Billy Jack Hill in the sum of $4,225.00 to be paid within thirty (30) days of this date after which execution may issue."
There was evidence before the trial court which supported its finding that the $4,225 had not been paid. The reaffirmation of the February 20, 1985 judgment and the rendition of the $4,225 judgment against the husband were based by the trial court upon a fraud upon the trial court.
In the wife's amended complaint, she had prayed that the trial court consider her request to set aside the March 22, 1985 judgment as being an independent action. It is provided in Rule 60(b) that an independent action may be entertained by a trial court to relieve a party from a judgment or to set aside a judgment for fraud upon the trial court. Such an independent action must be commenced within a reasonable time but not to exceed three years from the entry of the judgment. Rule 60(b), A.R. Civ.P. The wife's complaint was timely filed.
In Ex parte Brice, 340 So.2d 792 (Ala. 1976), the wife had supplied to her attorney a list of debts but failed to enter thereon seven creditors, the total indebtedness of those seven being in excess of $34,000. That debt list induced the husband into agreeing to pay all debts except for four particular accounts which the wife agreed to pay. The divorce judgment approved that agreement. The husband filed a motion to modify the divorce judgment. He averred that the seven debts were not known to him and that they were not mentioned in the agreement. After a trial on the husband's motion, a finding of fact was made by the trial court, in substance, that fraud was practiced by the wife upon the husband in inducing him to enter into the agreement which was made a part of the divorce judgment and that fraud was practiced upon the trial court in that the wife asked the trial court to make the agreement a part of the final judgment. The supreme court held that the husband's petition was not time barred by the four-month requirement of Rule 60(b)(3) and that it fell within the three-year provision since his petition was an independent action. In affirming the holding of the trial court that a fraud had been committed upon that court, the supreme court stated:
 "[A] court is not without jurisdiction to exercise its inherent power to set aside and vacate a judgment because of supervening invalidity based on fraud practiced on the court by a party in the procurement of a judgment. Crisco v. Crisco, 294 Ala. 168, 313 So.2d 529 (1975)."
Brice, 340 So.2d at 795.
In passing upon an attack upon a final judgment for a fraud upon the court, the trial court had a wide discretion to exercise wherein the desire to remedy injustice is balanced against the need of finality of judgments. Denton v.Sanford, 383 So.2d 847 (Ala.Civ.App. 1980).
Here, the evidence supported the express finding of the trial court that a fraud had been exercised upon it in the procurement of the March 22, 1985 judgment and Brice,supra, and Denton, supra, are applicable. We find no abuse of discretion as to this issue. *Page 429 
The judgment of the trial court of April 7, 1987 is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.