CRAWLEY, Judge.
The parties were married in 1965 and divorced in 1977. Their agreement, incorporated into the divorce judgment, provided that the mother would have custody of the two children, Michael and Stephen, and that the father would pay $30 per week in child support.
The agreement further provided that if the father was denied visitation, his obligation to pay child support would end, and, conversely, that if the father failed to pay child support, his right to visitation would end. In 1994, when the children were 21 and 26 years old, the mother filed a contempt petition, claiming that the father had never paid any child support and had an arrearage of $43,404.84.
After an ore tenus proceeding, at which the evidence was highly disputed, the trial court determined that the father had been denied visitation. The court noted that that fact would not ordinarily relieve him of the obligation to pay child support, but that in this case the parties had specifically provided for such a contingency in their divorce agreement, and the court held that that agreement was enforceable. In substance, the court’s order provided:
1. That the father was not in contempt. The trial court explained:
“[Although this court is well aware of the legal principle that child support payments are not dependent on the right to exercise visitation, this court emphasizes the fact that in the present case, there is a Court Order entered on April 18, 1977, which specifically provides and orders that if the [father] is denied visitation rights the [father’s] obligation to pay child support is terminated until such time as visitation rights begin again. This Court finds that in the present case the [father] relied on the wording of that Order and believed that what it said was true.”
2. The father owes the mother for two years of child support for both sons, from April 18, 1977, when the divorce judgment was entered, until April 1979.
3. The father does not owe any child support from 1979 to 1981, because during those years both children were in the father’s physical custody and he provided for their support.
4. The father does not owe any child support for Michael after 1981, because he had physical custody of Michael and supported *585 Michael from 1981 until Michael reached the age of majority.
5. The father does not owe any child support for Stephen after 1981 because the mother moved out of state, took Stephen with her, and did not let the father know of her or Stephen’s whereabouts, thereby denying the father his visitation rights with Stephen.
The mother appealed. We affirm in part, reverse in part, and remand for a recalculation of amounts due by the father.
“Although child support is paid to the custodial parent, it is for the sole benefit of the minor children.” State ex rel. Shellhouse v. Bentley, 666 So.2d 517, 518 (Ala.Civ.App.1995). “Parental support is a fundamental right of all minor children.... The right of support is inherent and cannot be waived, even by agreement.” Ex parte University of South Alabama, 541 So.2d 535, 537 (Ala.1989). “A child has an inherent right to receive support from his parents, and that right cannot be waived by the parents by agreement even if a waiver of support provision is included in the final decree.” Davis & McCurley, Alabama Divorce, Alimony & Child Custody Hornbook § 22-8 at 247(3d ed. 1993). See also Ex parte State ex rel. Summerlin, 634 So.2d 539 (Ala.1993). It is “the public policy of this state that parents cannot abrogate their responsibilities to their minor children by mutual agreement between themselves so as to deprive their minor children of the support to which they are legally entitled.” Bank Independent v. Coats, 591 So.2d 56, 60 (Ala.1991).
In Willis v. Levesque, 402 So.2d 1003 (Ala.Civ.App.1981), the divorce judgment did not order child support. The father argued that he had no duty of support because the judgment included the statement that the father “waive[d] his right of visitation in lieu of paying child support.” This court held:
“The waiver of rights of visitation in exchange for release from the duty of child support is a legal impossibility. This court has held that the right to support of a child from its parents is inherent and cannot be waived by the parents even by agreement. See Percer v. Percer, 370 So.2d 308 (Ala.Civ.App.), cert. denied, 370 So.2d 311 (Ala.1979).”
Willis v. Levesque, 402 So.2d at 1004. See also Kernop v. Taylor, 628 So.2d 707, 708 (Ala.Civ.App.1993); Bennett v. Brainard, 623 So.2d 340, 341 (Ala.Civ.App.1993); Hollis v. State ex rel. Hollis, 618 So.2d 1350, 1351 (Ala.Civ.App.1992); Northcutt v. Cleveland, 464 So.2d 112, 114 (Ala.Civ.App.1985); Erwin v. Luna, 443 So.2d 1242, 1244 (Ala.Civ.App.1983).
In Worthington v. Worthington, 218 Ala. 80, 117 So. 645, (1928), the parties agreed that the husband would pay child support of $150 per month. They further agreed, and the trial court ordered,
“that no change of the social or economical conditions of either of the parties, ... or of the children, shall increase or diminish the amount herein decreed to be paid by the [husband] ... for the support of the herein named children and such amount shall remain as herein fixed at [$150.00] per month during the life or minority of the said children.”
218 Ala. at 81, 117 So. at 645. Holding that the provision purporting to limit child support was unenforceable, the Alabama Supreme Court observed, “The minor children of the parties are not bound by the contract into which they (the parties) entered nor by the decree in agreement therewith.” 218 Ala. at 82,117 So. at 646.
Based on the foregoing authorities, we must conclude that the court’s holding that the father owed no child support for Stephen after 1981 because, during those years, the father was denied visitation with Stephen, is in error. Accordingly, we reverse that portion of the court’s order and remand for a recalculation of the amounts due for Stephen from 1981 until Stephen reached the age of majority.
We affirm that portion of the trial court’s order finding that the father is not in contempt. “Although the husband cannot alleviate his child support obligations by claiming that he and the wife entered into a mutual agreement, which the wife admitted, this agreement does indicate that the husband was not guilty of contemptuous behav *586 ior in failing to comply with the judgment of divorce.” Hollis v. State ex rel. Hollis, 618 So.2d at 1351.
The remaining portions of the trial court’s order represent a correct application of the law to highly disputed facts, and those portions are due to be affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J., concurs in the result.
THIGPEN, J., concurs in the result only.
YATES and MONROE, JJ., dissent.