Rel: July 26, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2024

_____

## CL-2024-0295 and CL-2024-0296

_____

### Ex parte Gage Bruce Roberts

### PETITIONS FOR WRIT OF MANDAMUS

### (In re:  Gage Bruce Roberts

### v.

### Taylor Rose Roberts)

### (Mobile Circuit Court:  DR-22-901220.01 and DR-22-901220.02)

EDWARDS, Judge.

Gage Bruce Roberts ("the father") and Taylor Rose Roberts ("the mother") were divorced by a judgment entered by the Mobile Circuit Court ("the trial court") on March 23, 2023 ("the divorce judgment").  The

divorce judgment incorporated a December 2022 agreement entered between the parties ("the December 2022 agreement"). Pursuant to the December 2022 agreement, the parties were awarded joint legal custody of their children, and the father was awarded sole physical custody. Moreover, the December 2022 agreement stated that the father "shall relocate to his home state of Wisconsin with the minor children upon the issuance of a final judgment of divorce." The December 2022 agreement also provided that the mother would not be required to pay child support because of the travel costs expected to be associated with visitation once the father relocated to Wisconsin.

In January 2023, despite the fact that the mother had signed the December 2022 agreement, the parties executed a separate parenting agreement ("the January 2023 agreement") between themselves. The January 2023 agreement was notarized but had not been drafted by or presented to the attorney who had been hired by the father to handle the parties' uncontested divorce. In contrast to the December 2022 agreement, the January 2023 agreement stated that the parties would share joint physical custody of the children and set out a custody schedule

pursuant to which the parties exercised physical custody on an alternating weekly basis. In addition, the January 2023 agreement required the written consent of either parent to permit the other parent to move the children's residence outside the state of Alabama.

In January 2024, the mother filed a petition to modify the custody provisions of the divorce judgment ("the modification action"), which was assigned case number DR-22-901220.01. In her petition, the mother sought an award of sole physical custody of the children. She explained that, although the divorce judgment had awarded the father sole physical custody of the children and had authorized him to relocate to Wisconsin after the divorce judgment was entered, the father had not relocated to Wisconsin until August 2023. In addition, the mother averred that, with the consent of the father, who resided in Theodore, the children had lived "almost exclusively" with her in Loxley until the father had refused to return the children to Alabama after their Christmas 2023 visit with him in Wisconsin. The mother alleged that the father's conduct during 2023 failed to "comport with [the January 2023 agreement], which stated that any relocation outside the state of Alabama required the written consent

of both parties."  She also asserted that "[t]he final document submitted to this Court did not reflect the same language, and the plaintiff father told the mother that the executed agreement incorporated into the Judgment of Divorce was the suggestion of his attorney and that he did not intend on following it."  Contemporaneously with her initiation of the modification action, the mother also filed a motion seeking emergency temporary custody of the children.  The trial court did not immediately rule on that motion and instead held a hearing on the issue of pendente lite custody of the children on February 5, 2024.

Meanwhile, the father filed a petition seeking to establish a child-support obligation for the mother ("the child-support action"); the child-support action was assigned case number DR-22-901220.02.  In his petition, the father averred that the mother's income had increased and that she could afford to provide support for the children despite the costs of travel for visitation.  On its own motion, the trial court consolidated

the child-support action and the modification action and ordered that all

pleadings were to be filed in the modification action.[1]

After the February 5, 2024, hearing, the trial court entered an order

in the modification action on February 6, 2024 ("the pendente lite order"),

awarding pendente lite custody of the children to the mother.[2]  The trial

court also "reaffirm[ed] the divorce of the parties" but set aside the

divorce judgment insofar as it incorporated the December 2022

---

[1]Notably, the consolidation order did not merge the modification action and the child-support action into one single action.  See Ex parte Glassmeyer, 204 So. 3d 906, 908 (Ala. Civ. App. 2016) ("Although consolidation 'does not merge the suits into a single cause,' Evers v. Link Enters., Inc., 386 So. 2d 1177, 1180 (Ala. Civ. App. 1980), and '"the parties and pleadings in one action do not become parties and pleadings in the other,"' Ex parte Flexible Prods. Co., 915 So. 2d 34, 50 (Ala. 2005) (quoting Teague v. Motes, 57 Ala. App. 609, 613, 330 So. 2d 434, 438 (Ala. Civ. App. 1976)), a trial court may specify that all filings be made in only one case, see Rule 42(a), Ala. R. Civ. P. (indicating that, once actions are consolidated, a trial court 'may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay'). However, … although consolidated, 'each action retains its separate identity and thus requires the entry of a separate judgment.' League [v. McDonald], 355 So. 2d [695,] 697 [(Ala. 1978)] (emphasis added)").

[2]The father appended to his petitions for the writ of mandamus a copy of the February 6, 2024, order indicating that it was entered in the modification action.  He did not include a copy of any order entered in the child-support action.

agreement regarding custody, visitation, and child support. The trial court stated that "a trial will be set [on those issues] once discovery is complete."

The father filed these petitions for the writ of mandamus on April 24, 2024.[3] In his mandamus petitions, the father argues that the trial court lacked jurisdiction to enter its order setting aside the child-custody and child-support provisions of the divorce judgment. Thus, although the petitions were not timely filed, see Rule 21(a)(3), Ala. R. App. P. (providing that "[t]he presumptively reasonable time for filing a petition seeking review of the order of a trial court … shall be the same as the time for taking an appeal"), this court may consider the father's petitions. See Ex parte Murray, 267 So. 3d 328, 332 (Ala. Civ. App. 2018) (citing to our supreme court's opinion in Ex parte K.R., 210 So. 3d 1106 (Ala. 2016), and explaining that our supreme court has held that, "when an untimely petition for a writ of mandamus raises an issue pertaining to the

_____

[3]The petition relating to the modification action was assigned case number CL-2024-0295; the petition relating to the child-support action was assigned case number CL-2024-0296.

6

jurisdiction of the lower court, it may consider the jurisdictional argument").

> "'A writ of mandamus is an extraordinary remedy, and it will be "issued only when there is: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court."'"

Ex parte Jordan, 779 So. 2d 183, 184 (Ala. 2000) (quoting Ex parte P&H Constr. Co., 723 So. 2d 45, 47 (Ala. 1998), quoting in turn Ex parte United Serv. Stations, Inc., 628 So. 2d 501, 503 (Ala. 1993)).

In his mandamus petitions, the father contends that the trial court acted outside its jurisdiction by granting the mother relief cognizable under Rule 60(b)(3), Ala. R. Civ. P., when the mother had not asked for such relief.  He further argues that the relief awarded to the mother was time-barred because a motion seeking relief from a judgment under Rule 60(b)(3) for "fraud, misrepresentation, or other misconduct of an adverse party" must be filed within four months of the entry of the judgment.  We disagree.

The father is correct that the mother's pleadings had not explicitly requested the relief that the trial court afforded her.  Indeed, the mother

filed a petition to modify the divorce judgment and did not file either a Rule 60(b) motion in the divorce action or an independent action explicitly seeking to set aside the divorce judgment based on fraud on the court. However, the mother contends that the substance of the allegations contained in her modification petition constituted an independent action seeking to have the divorce judgment set aside for fraud on the court, which is not subject to the four-month limitation of Rule 60(b)(3) and may be brought within three years of the entry of the judgment. See Rule 60(b) (providing that "[t]his rule does not limit the power of a court to entertain an independent action within a reasonable time and not to exceed three (3) years after the entry of the judgment … to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court").

At the pendente lite hearing, the father testified that he had drawn up the January 2023 agreement when the mother had objected to provisions of the December 2022 agreement, which she had already signed, to appease the mother or "to keep her calm and without arguing." Although he attempted to characterize his statements to the mother as

8

something other than misrepresentation, he finally admitted that he had told the mother in January 2023 that he intended to remain in Alabama, despite the fact that he had every intention of relocating to Wisconsin, albeit not immediately. He also admitted that the parties had generally followed the provisions of the January 2023 agreement during the time that he had lived in Alabama between the entry of the divorce judgment in March 2023 and his relocation to Wisconsin in August 2023. He testified that, when he informed the mother that he intended to move to Wisconsin in August 2023, the mother had screamed, had punched things, and had thrown things around the yard in the presence of the children. He indicated that he had misled the mother about his intention to remain in Alabama because he did not want her to "freak out."

The mother testified that she had been aware that the December 2022 agreement had been incorporated into the divorce judgment. She also admitted that she had not made any attempt after the entry of the divorce judgment to have the divorce judgment set aside, despite her contention that the January 2023 agreement was the custody agreement under which the parties had operated. She further admitted that she

9

had asked the father during the summer of 2023 to file a joint petition to modify the divorce judgment to reflect the details of the January 2023 agreement.

During the February 5, 2024, hearing, the trial court interjected the issue of setting aside the divorce judgment, stating: "So in that case, there was technically no agreement when it was filed as an uncontested divorce; therefore, I should set the entire divorce aside and y'all are remarried." The attorney for the mother responded: "I would agree that the motion to set aside the agreement should have been filed." After some further discussion, the trial court concluded: "The way I interpret it, … it's a little of both, your emergency motion for custody … and the way I interpret what you are saying there may be a petition to set aside the original agreement as well." Counsel for the father did not object to the trial court's characterization of the issues to be considered at the pendente lite hearing.

Based on our review of the statements made by the trial court during the pendente lite hearing, it appears that the trial court considered the mother's custody-modification petition as also stating a

claim seeking to have the divorce judgment set aside because of the father's misrepresentations that he had made to the mother and his actions in presenting the December 2022 agreement to the trial court as the agreement of the parties, when, in fact, the parties had made a separate and different agreement respecting custody of the children. Although the misrepresentations made by the father to the mother would be properly cognizable under Rule 60(b)(3), and although the father is correct that any relief available under Rule 60(b)(3) would be time-barred because the modification action was not filed within four months of the entry of the divorce judgment, the father has overlooked the fact that Rule 60(b) also provides that a party may seek to set aside a judgment procured by fraud on the court through an independent action filed within three years of the entry of that judgment. See, e.g., Moore v. Moore, 849 So. 3d 969, 971 (Ala. Civ. App. 2002) (recognizing the authority provided under Rule 60(b) for a trial court to entertain an independent action to set aside a judgment based upon fraud on the court).

We find <u>Ex parte Brice</u>, 340 So. 2d 792 (Ala. 1976), to be apt authority for the trial court's decision to set aside portions of the divorce judgment. In <u>Ex parte Brice</u>, the parties had been divorced by a January 9, 1975, judgment entered by the Houston Circuit Court ("the circuit court"), which had incorporated an agreement of the parties that required Dr. Donald Brice ("the former husband") to pay June Brice ("the former wife") alimony, required the former wife to pay certain specified debts, and required the former husband to pay the remaining debts of the parties. 340 So. 2d at 793. On May 24, 1975, the former husband filed a petition requesting modification of the January 1975 divorce judgment because, he alleged, the former wife had not disclosed certain marital debts, including debts incurred through the forging of his signature. <u>Id.</u> The circuit court held a hearing at which it heard oral testimony, after which it entered a judgment containing several findings of fact, including a finding "that fraud was practiced on [the former husband] by [the former wife] in inducing him to enter the agreement made a part of the [January 1975 divorce judgment]" and "[t]hat fraud was practiced on the Court in that [the former wife] asked the court to make this agreement

12

part of the [January 1975 divorce judgment]." Id. at 794. Based on its findings, the circuit court modified the January 1975 divorce judgment to require the former husband to pay the undisclosed debts of the former wife but to divert $1,000 of the former wife's periodic alimony to the discharge of those debts. Ex parte Brice, 340 So. 2d at 794. Although this court concluded that the former husband's request to set aside the previous judgment on the ground of fraud was cognizable under Rule 60(b)(3) and had been filed outside the four-month period during which such relief could be sought and reversed the judgment, Brice v. Brice, 340 So. 2d 788 (Ala. Civ. App. 1976), our supreme court reversed this court's judgment, concluding that the request that the January 1975 divorce judgment be set aside had been brought within the three-year period for seeking relief from a judgment based upon fraud on the court, and remanded the case with instructions that we affirm the circuit court's judgment. Ex parte Brice, 340 So. 2d at 794-95; see also Hill v. Hill, 523 So. 2d 425, 428 (Ala. Civ. App 1987) (affirming a judgment setting aside a previous judgment based on a conclusion that a false averment made intentionally in a joint petition to a trial court amounted to fraud on the

13

court); but see McPherson v. King, 437 So. 2d 548 (Ala. Civ. App. 1983) (concluding that any misleading statements made by a husband to induce a wife to enter into a settlement agreement that did not provide for the division of the parties' personal property was merely fraud between the parties and not fraud on the court).

Because the trial court had the authority under Rule 60(b) to treat the wife's petition for modification also as an independent action seeking to set aside the divorce judgment for fraud practiced on the court, the father has failed to establish a clear legal right to relief from the pendente lite order setting aside the child-custody and child-support provisions of the divorce judgment. Accordingly, his petition in case number CL-2024-0295, seeking relief from the February 6, 2024, order entered in the modification action, is denied. As previously noted, the father did not append to his petitions a copy of the February 6, 2024, order indicating that it had been entered in the child-support action, see Rule 21(a)(1)(F), Ala. R. App. P. (requiring that the petitioner append to the petition for the writ of mandamus a copy of the order of which he is seeking review); thus, we dismiss his petition in case number CL-2024-0296. See Ex

14

CL-2024-0295 and CL-2024-0296

parte McConico, 315 So. 3d 610, 612-13 (Ala. Civ. App. 2020) (explaining that this court dismisses those petitions not properly supported with the necessary parts of the record, including the order or orders challenged in the petition).

CL-2024-0295 -- PETITION DENIED.

CL-2024-0296 -- PETITION DISMISSED.

Moore, P.J., and Hanson, Fridy, and Lewis, JJ., concur.