Kevin Kazakevich filed this action pursuant to Rule 60(b), Ala.R.Civ.P., to set aside a judgment of dismissal entered in his earlier action and to reinstate that action. The circuit court had dismissed that earlier action with prejudice for want of prosecution. The circuit court dismissed Kazakevich's Rule 60(b) action, with prejudice, refusing to set aside the earlier dismissal. The issues presented are whether the plaintiff is entitled under Rule 60(b)(6) to relief from the judgment of dismissal and to reinstatement of the earlier action and whether that action, or its reinstatement, is barred by sovereign immunity under Article I, § 14, of the Alabama Constitution of 1901.
The plaintiff, Kevin Kazakevich, was dismissed as a student from the University of Alabama School of Medicine in December 1984. On October 23, 1986, Kazakevich sued the Board of Trustees of the University of Alabama and various divisions of the University of Alabama (hereinafter referred to as "the Board") in the Jefferson County Circuit Court, alleging breach of contract and seeking re-admission. The Board moved to dismiss the action. On April 12, 1988, the court sent all counsel of record a notice setting the case for the "call docket" on May 13, 1988. At the call docket, counsel for Kazakevich failed to appear, and the judge entered a final judgment dismissing the case with prejudice for want of prosecution. A copy of that judgment was sent to counsel of record for Kazakevich.
On May 3, 1991, Kazakevich filed a new complaint in the Jefferson County Circuit Court, alleging that sometime in 1990 he discovered that his earlier action had been dismissed. This new complaint asked the circuit court to vacate the judgment of dismissal entered in his 1986 action and to reinstate that action. Kazakevich contends that the notices in the earlier action had been mailed to his attorney's address at 2205 Morris Avenue in Birmingham, but that his attorney had moved. Kazakevich says that although his attorney made arrangements for his mail to be forwarded, he never received the notice of the docket call or notice of the judgment.
The Board moved to dismiss this new action or, in the alternative, for a summary judgment. The court dismissed Kazakevich's complaint with prejudice.
Kazakevich argues that he is entitled to relief from the earlier judgment under Rule 60(b)(6), pursuant to Ex parteOden, 617 So.2d 1020 (Ala. 1992). Rule 60(b)(6) is a "catchall" provision; it provides that a court may relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." Kazakevich all but concedes that his reason for having the judgment vacated would ordinarily come *Page 948 
within Rule 60(b)(1), which allows relief from a judgment for "mistake, inadvertence, surprise, or excusable neglect." However, motions for relief under Rule 60(b)(1) must be made within four months of the judgment, whereas motions for relief under Rule 60(b)(6) need only be made "within a reasonable time." Rule 60(b), Ala.R.Civ.P.
Kazakevich argues that Ex parte Oden, 617 So.2d 1020
(Ala. 1992), permits one to obtain relief from a judgment under Rule 60(b)(6) based on Rule 60(b)(1) grounds if there are extraordinary circumstances. In Oden, the attorney for the plaintiff received notices of the court's actions but failed to inform his client. When the plaintiff inquired about his case, his attorney intentionally misled him. This Court granted relief under Rule 60(b)(6). Kazakevich particularly relies on the following statement from Oden:
 " 'A quite typical kind of case is that in which a party comes in more than a year [four months] after judgment to assert that he is the victim of some blunder by his counsel. Claims of this kind seem to fit readily within such grounds as mistake, inadvertence, and excusable neglect, all stated in clause (1), and courts frequently have so reasoned and held that clause (6) was inapplicable. But if the court is persuaded that the interests of justice so require, it is likely to find aggravating circumstances sufficient to permit it to say that the case is properly within clause (6).' "
Ex parte Oden, 617 So.2d at 1027 (quoting Giles v. Giles,404 So.2d 649, 651 (Ala. 1981), quoting in turn Wright Miller,Federal Practice and Procedure: Civil § 2864).
In Ex parte Hartford Insurance Co., 394 So.2d 933, 936
(Ala. 1981), we said that "a party may not escape the time limits of Rule 60(b)(1) merely by characterizing his motion as a Rule 60(b)(6) motion." In Hartford Insurance, the plaintiff attempted to obtain relief from a judgment under Rule 60(b)(6) seven months after the judgment had been entered, on the grounds that his attorney had overlooked the cost bill and, therefore, had had no notice of the dismissal. This Court held that the grounds stated were provided for under Rule 60(b)(1) and were, therefore, time barred. Hill v. Townsend,491 So.2d 237 (Ala. 1986), was another case in which the attorney for the plaintiff did not receive notice of the docket call; the plaintiff attempted to vacate the judgment after one year, but we rejected his attempt to obtain relief, because the motion would have been proper under Rule 60(b)(1), but not under Rule 60(b)(6).
Furthermore, Ex parte Oden does not support the plaintiff's position. In Oden we found extraordinary circumstances because the plaintiff had been especially diligent in attempting to monitor the status of his case and was the victim of his lawyer's misrepresentations. However, Kazakevich's case reflects, at most, a prolonged disinterest in the status of the case by both attorney and client; neither bothered to inquire about the status of the case from October 1986 until some time in the latter part of 1990. We therefore conclude that this case is distinguishable from Oden and that the judgment denying reinstatement of the original action was properly entered. Furthermore, even if under the circumstances of this case the grounds stated would have been proper under Rule 60(b)(6), we would have to conclude that this action to reinstate the prior action was untimely.
Kazakevich also argues that his action against the Board is not barred by the doctrine of sovereign immunity under Ala. Const. art. I, § 14. He contends that this case is within the exception to sovereign immunity for actions to compel officials to perform their legal duties or to perform ministerial acts. We need not consider this argument, given our holding that this action did not present a proper basis for relief under Rule 60(b)(6).
The trial court properly refused to set aside its earlier judgment of dismissal.
AFFIRMED.
HORNSBY, C.J., and SHORES, STEAGALL and INGRAM, JJ., concur. *Page 949