On September 16, 1993, Clara S. Godard filed an action against ATT Credit Corporation (ATT) and other defendants, alleging fraud, conspiracy, conversion, outrage, and breach of contract. The complaint was served on ATT on October 12, 1993. Godard filed an application for entry of default on November 17, 1993. Default was entered against ATT on the same day. A default judgment was entered against ATT in the amount of $100,000 on March 31, 1994.
On July 29, 1994, Godard's attorney mailed ATT a copy of the judgment and demanded payment. On September 19, 1994, Godard again wrote ATT. This time the letter was sent to the president of the company. On September 26, 1994, ATT contacted Godard and offered to settle the matter.
On October 3, 1994, ATT filed a motion for a temporary stay of execution. A formal notice of appearance was filed on October 5, 1994.
On October 11, 1994, ATT filed a motion to set aside the default judgment, pursuant to Rule 60(b), Ala. R. Civ. P. As grounds for its motion, ATT alleged that it did "not intend to delay" the action, that it was not a proper defendant to the action, that the default judgment was void, and that the amount of damages was excessive. Following a hearing on the motion, the trial court set aside the default judgment, finding that "ATT Credit Corporation has a meritorious defense, and based upon what this Court has heretofore considered, would probably result in a judgment in favor of that defendant."
On December 21, 1994, ATT filed a motion for a summary judgment. The motion was granted on February 8, 1995. Godard appeals. This case is before us pursuant to § 12-2-7(6), Code 1975.
Godard initially asserts that the trial court erred in setting aside the default judgment.
A party seeking to set aside a default judgment pursuant to Rule 60(b) must prove one of the grounds for relief set out in the rule and must allege and prove a meritorious defense to the action. American Home Assurance *Page 385 Co. v. Hardy, 378 So.2d 710 (Ala. 1979).
The 60(b) grounds pertinent to our resolution of this issue are 60(b)(1), which provides that a default judgment may be set aside for "mistake, inadvertence, surprise, or excusable neglect," and 60(b)(6), which provides that a default judgment may be set aside for "any other reason justifying relief from the operation of the judgment." Rule 60(b)(6) is a "catchall" provision. Ex parte Hartford Ins. Co., 394 So.2d 933 (Ala. 1981). In order to justify relief under Rule 60(b)(6), a party must be able to show exceptional circumstances sufficient to entitle him to relief. Ex parte Hartford Ins. Co. Rule 60(b)(6) is designed to operate exclusive of the specific grounds listed in Rule 60(b)(1) through (5). Ex parte Hartford Ins. Co.
A Rule 60(b)(1) motion to set aside a default judgment must be made within four months after the judgment is entered. A Rule 60(b)(6) motion to set aside a default judgment must be made within a reasonable time after the entry of the judgment. A party may not escape the time limitations of Rule 60(b)(1) merely by characterizing his motion as a Rule 60(b)(6) motion.Ex parte Hartford Ins. Co.
The trial court did not delineate which provision of Rule 60 it used in setting aside the default judgment. In setting it aside, the trial court found only that ATT presented a meritorious defense. Because the four-month time limitation espoused by Rule 60(b)(1) through (3) would prohibit the trial court from utilizing those sections in setting aside the judgment, we assume that the trial court traveled under the exceptional circumstances provisions of Rule 60(b)(6).
Godard argues that ATT was not entitled to Rule 60(b)(6) relief because, she says, the facts surrounding ATT's failure to respond to the complaint did not amount to exceptional circumstances under that provision. Godard insists that the only relief ATT could have been entitled to was Rule 60(b)(1) relief. Due to the untimeliness of the motion, however, Godard insists that ATT was not entitled to Rule 60(b)(1) relief.
ATT asserts that it did not respond to the complaint in a timely manner due to confusion in its legal department. To support its position, ATT offered the affidavit of Michael White. That affidavit reads as follows:
 "I have been employed as a legal assistant in the legal department at ATT Credit since February 1989. I am not a lawyer, but I do work closely with our in-house and outside lawyers in coordinating, managing, and resolving litigation and nonlitigated disputes. In, or shortly before, October 1993, our legal department began a transitional process that involved, among other things, the shifting of certain dispute management responsibilities involving the ATT Products Plus Financing Program ("Products Plus Program") from our in-house lawyers to me. Because of the workloads carried by our in-house lawyers, it was determined that, with respect to the Products Plus Program, I should eventually assume the responsibility of receiving dispute files (formal complaints and nonlitigated matters), processing these files within our legal department, making contact with the complainants (or in the case of formal complaints, plaintiff's counsel), gathering facts, and, where appropriate, attempting to resolve disputes. In the event a matter could not be resolved, I was to then consult with one of our in-house lawyers about how to proceed.
 "Prior to October 1993, the functions I described in the preceding paragraph were handled by one of our four in-house lawyers. Although we have now completed the transition, at the time the Godard complaint was delivered to me, the transition had essentially just begun, and the flow of communications and the shifting of these responsibilities had not transpired as smoothly as we had anticipated. In fact, at the time the Godard complaint was delivered to our department, it is my recollection that I had not been affirmatively told that I was responsible for handling new matters of this nature. I did, however, receive the Godard complaint on or about October 12, 1993, but because it was received by me at or about the same time our transition had begun, I forwarded copies *Page 386 
of the complaint to two of our business personnel and one of our in-house lawyers in the belief that the in-house lawyer would be handling the complaint. Therefore, I placed the complaint with other files in my office, where it stayed until our department learned of the default judgment on or about September 26, 1994.
 "I also received, on or about November 11, 1993, a motion seeking to have this case removed from the Court's Expedited Case Management System. Later, on or about January 10, 1994, a copy of the court's denial of that motion was also delivered to me. Again, however, I was operating on the assumption that one of our in-house lawyers was handling the file."
One may obtain relief from a judgment under Rule 60(b)(6) based on Rule 60(b)(1) grounds if there are extraordinary circumstances. General neglect or negligence of the attorney or the party in failing to respond to a complaint does not ordinarily rise to the level of extraordinary circumstances, as provided by Rule 60(b)(6). Kazakevich v. Bd. of Trustees of theUniv. of Ala., 642 So.2d 946 (Ala. 1994); Lee v. Tolleson,502 So.2d 354 (Ala. 1987); Hill v. Townsend, 491 So.2d 237 (Ala. 1986); Ex parte Hartford Insurance Co.. Psychological disorders or personal problems of an attorney that cause the attorney to neglect a case will give rise to Rule 60(b)(6) relief. Lee. InEx parte Oden, 617 So.2d 1020 (Ala. 1992), our supreme court found extraordinary circumstances because the plaintiff was intentionally misled by his attorney. We fail to see how the confusion and neglect of ATT's legal department to respond to the filing of the complaint or the notice of the default judgment for a year gives rise to the extraordinary circumstances principle of Rule 60(b)(6). United States v.Cirami, 563 F.2d 26 (2d Cir. 1977).
ATT insists that it was entitled to Rule 60(b)(6) relief because it did not intentionally delay the proceedings and because it had a meritorious defense in that it was not the manufacturer of the alleged faulty equipment. If this were a timely Rule 60(b)(1) motion, then perhaps ATT would be entitled to relief. However, in order to obtain Rule 60(b) relief, one must prove one of the grounds set forth in the ruleand must allege and prove a meritorious defense to the action.Hardy. ATT failed to timely prove one of the grounds set forth in Rule 60(b). Therefore, we find that it was not entitled to Rule 60(b) relief.
The judgment of the trial court in setting aside the default judgment is reversed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.