CRAWLEY, Judge.
Robert L. Moore (“the husband”) and Annie Lou Williams Moore (“the wife”) were divorced by judgment dated March 2, 2000. The trial court ordered an appraisal of the parties’ major assets — the marital residence, an adjoining vacant lot, and a day-care center owned by both parties and operated by the wife — and ordered the equity split equally between the parties. Neither party appealed from the judgment, and the wife, pursuant to a provision in the judgment, purchased the husband’s equity in the day-care property.
On February 2, 2001, the wife filed what she styled as “Petition to Relieve [Wife] from Judgment in Part and/or Set Aside Portions Thereof Based Upon Fraud Upon the Court.” In that petition, the wife alleged that the husband had, during the marriage, “maintained a separate and distinct secret family unit” with another woman (“the girlfriend”) and her three children, whom, the wife alleged, he had fathered. The wife requested that the trial court reconsider the division of the marital assets and that it award compensatory and punitive damages. In her motion, the wife admitted that relief under Rule 60(b)(2) or (3), Ala. R. Civ. P., was not available to her because more than four months had elapsed since the entry of the divorce judgment.
At a hearing on the motion, the wife testified that she had discovered that the *971 husband had fathered three illegithnate children -with his girlfriend during the parties’ marriage. She also presented evidence indicating that the husband had purchased three parcels of real property solely in his name during the parties’ marriage, which he allegedly failed to disclose during discovery concerning the parties’ assets. The husband invoked the Fifth Amendment when questioned about the paternity of his girlfriend’s three children and when questioned about the property he acquired solely in his name during the marriage. After considering the testimony, the trial court granted the wife’s petition, modifying the property division in the original judgment by awarding the wife all of the equity in the marital residence. After his postjudgment motion was denied, the husband appealed to this court.
The husband argues that the wife’s motion was a Rule 60(b) motion for relief from judgment based on subsection (2) and subsection (3). Rule 60(b) reads, in part, as follows:
“On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, order, or proceeding for the following reasons: ... (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;.... The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four (4) months after the judgment, order, or proceeding was entered or taken.... This rule does not limit the power of a court to entertain an independent action within a reasonable time and not to exceed three (3) years after the entry of the judgment (or such additional time as is given by § 6-2-3 and § 6-2-8, Code of Alabama 1975) to reheve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court.”
Thus, the husband argues that the wife’s motion was untimely because it was not brought within four months of the entry of the judgment of divorce. See Rule 60(b). The wife argues that her “motion” was in fact an independent proceeding to set aside the judgment based on fraud on the court, which may be brought no later than three years after the entry of judgment. Id.
Although the husband is correct that a Rule 60(b)(2) or (b)(3) motion requesting a trial court to grant relief from a judgment must be filed within four months of the entry that judgment, the wife is also correct that a trial court may entertain an independent action to set aside a judgment for “fraud upon the court” within three years of the entry of the judgment. Byrd v. Southeast Enters., Inc., 812 So.2d 266, 269 (Ala.2001); Brown v. Kingsberry Mortgage Co., 349 So.2d 564, 568 (Ala.1977); Ex parte Brice, 340 So.2d 792, 794-95 (Ala.1976); Denton v. Sanford, 383 So.2d 847, 848 (Ala.Civ.App.1980). Based on the fact that the wife paid a filing fee and that the case was assigned a new number (albeit a .01 as if it were a modification), we conclude that the wife filed an independent action requesting the trial court to set aside portions of the divorce judgment for “fraud upon the court.” However, even if the wife had filed a Rule 60(b) motion, the comments to Rule 60 indicate that “courts have consistently treated a proceeding in form an independent action as if it were a motion, and vice versa, where one but not the other was technically appropriate, and any procedural difference between them was immaterial in the case.” “Committee Comments on 1973 Adoption,” Rule 60, Ala. R. Civ. P.
*972 Because the wife filed her independent action well within three years of the entry of the divorce judgment, her action was timely. Ex parte Brice, 340 So.2d 792, 794-95 (Ala.1976); Hill v. Hill, 523 So.2d 425, 428 (Ala.Civ.App.1987). The husband’s argument that the trial court lacked jurisdiction to grant the wife’s “motion” because the motion was filed more than four months after the entry of the divorce judgment must fail. Because the husband made no argument concerning the merits of the wife’s petition, we cannot, and will not, address whether the allegations she made, if proven, were sufficient to amount to a “fraud upon the court.”
AFFIRMED.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.