In January 2004 Maria Y. Newman ("the ex-wife") sued her former husband Malcolm R. Newman ("the ex-husband") seeking to modify and enforce the final judgment divorcing the parties, including provisions of that judgment relating to child support. This is, in fact, the second appeal this court has addressed following the parties' divorce in 1997,[1] and it is the second time we must dismiss the appeal — albeit for different reasons.
In this case the trial court evidently held a hearing on all pending motions on January 7, 2005. Six months after that hearing the ex-wife filed a motion requesting that the trial court enter an order based on the evidence presented at the January 7 hearing. On October 21, 2005, the trial court entered an order in which it reserved ruling on the issue of child support pending the parties' submission of Rule 32, Ala. R. Jud. Admin., income affidavits. See Appendix to Rule 32, Form CS-41. The trial court also noted in its order that the case would be set for a status conference in November 2005 so that the court could review the receipt of the information provided pursuant to Rule 32.
The ex-husband filed a "response" to the trial court's order and a "motion to clarify" the order on November 21, 2005, and the ex-wife filed a motion to alter, amend, or vacate or, in the alternative, a motion for a new trial on November 23, 2005. The phrase "CS forms" appears next to the date November 11, 2005, on the case-action-summary sheet, apparently indicating the receipt by the court of the income affidavits; however, there is no further order or judgment from the trial court in the record on appeal. The ex-husband apparently believed that the parties' "post-judgment" motions had been denied by operation of law 90 days after he filed his "post-judgment" motion. See Rule 59.1, Ala. R. Civ. P. The ex-husband then filed a notice of appeal from the trial court's order. *Page 1155 
We need not address the merits of the ex-husband's contentions on appeal because the appeal is not from a final judgment.
 "`It is well settled law that "jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu."' Pace v. Utilities Bd. of Foley, 752 So.2d 510, 511 (Ala.Civ.App. 1999) (quoting Singleton v. Graham, 716 So.2d 224, 225
(Ala.Civ.App. 1998)). . . . Additionally, `[t]he question whether a judgment is final is a jurisdictional question, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case.' Hubbard v. Hubbard, 935 So.2d 1191, 1192 (Ala.Civ.App. 2006)."
Parker v. Parker, 946 So.2d 480, 485
(Ala.Civ.App. 2006). "An appeal ordinarily will lie only from a final judgment — i.e., one that conclusively determines the issues before the court and ascertains and declares the rights of the parties involved." Bean v. Craig,557 So.2d 1249, 1253 (Ala. 1990) (citing Taylor v. Taylor,398 So.2d 267 (Ala. 1981)).
In Tomlinson v. Tomlinson, 816 So.2d 57, 58
(Ala.Civ.App. 2001) the trial court's judgment stated that the amount of child support to be paid by one parent to the other would be determined after the parties submitted child-support income affidavits. The record contained no subsequent order or judgment, and this court dismissed the appeal as being from a nonfinal judgment. Id. Similarly, in Wilson v.Glasheen, 801 So.2d 848, 848-49 (Ala.Civ.App. 2001), this court dismissed an appeal as being from a nonfinal judgment when the trial court's order required the parties to submit documentation regarding their incomes so that it could determine a child-support award.
Therefore, because this is an appeal from a nonfinal judgment, we must dismiss this appeal.
APPEAL DISMISSED.
THOMPSON, PITTMAN, MURDOCK, and BRYAN, JJ., concur.
[1] We addressed the first appeal in Newman v.Newman, 773 So.2d 481 (Ala.Civ.App. 1999).