BRYAN, Judge.
J.S. (“the mother”) appeals a judgment insofar as it modified the child-support obligation of J.D.R. (“the father”). For the reasons given below, we dismiss the appeal.
The pleadings included in the record on appeal establish that, before the commencement of the present case, the mother and the father shared joint physical custody of M.C.R. (“the child”). Those pleadings further establish that the mother and the father alternated physical custody of the child on a monthly basis. Additionally, the pleadings establish that the juvenile court, on April 30, 2002, awarded the mother child support in the amount of $400 per month; the father was instructed to pay child support only during the months when the mother had physical custody of the child, i.e., every other month.
On May 22, 2006, the father petitioned the juvenile court seeking, among other things, sole physical custody of the child, a contempt finding regarding the mother, and an award of an attorney’s fee. The father’s petition was assigned case no. JU-00-936.04. After the parties had filed various other pleadings, the mother, on February 28, 2007, filed a petition purporting to answer the father’s petition and denying the material allegations stated therein. The mother’s petition was assigned case no. JU-00-936.05.[1] In her petition, the mother alleged that the child is dependent because, she said, the child’s custody is subject to controversy. Additionally, she also alleged that the father had failed to timely pay his child-support obligation and that a material change in circumstances had occurred warranting an increase in the father’s child-support obligation. In her petition, the mother sought a judgment finding the child dependent, increasing the amount of the father’s child-support obligation, ordering the father to pay his alleged child-support arrearage, requiring the father to show cause why he should not be held in contempt, and awarding her an attorney’s fee. The father then answered, denying the material allegations in the mother’s petition.
On July 2, 2007, the juvenile court entered a judgment, ex mero motu, consoli *1149 dating the father’s petition, which had been assigned case no. JU-00-936.04, and the mother’s petition, which had been assigned case no. JU-00-936.05. In that judgment, the juvenile court ordered the father to continue to pay $400 in child support every other month for a period of six months. The judgment provides that, after that six-month period, the father’s child-support obligation would increase to $700, to be paid every other month. The juvenile court also, among other things, denied the father’s and the mother’s petitions seeking to find each other in contempt and denied their requests for an attorney’s fee. The mother then filed a notice of appeal on July 13, 2007.
On appeal, the mother argues that the juvenile court erred by increasing the father’s child-support obligation to only $700, to be paid every other month. However, this court must address the jurisdictional issue regarding the finality of the juvenile court’s judgment.
“ ‘ “It is well settled law that ‘jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.”’ Pace v. Utilities Bd. of Foley, 752 So.2d 510, 511 (Ala.Civ.App. 1999) (quoting Singleton v. Graham, 716 So.2d 224, 225 (Ala.Civ.App.1998)).
Additionally, “[t]he question whether a judgment is final is a jurisdictional question, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case.” Hubbard v. Hubbard, 935 So.2d 1191, 1192 (Ala.Civ. App.2006).’
“Parker v. Parker, 946 So.2d 480, 485 (Ala.Civ.App.2006). ‘An appeal ordinarily will lie only from a final judgment'— i.e., one that conclusively determines the issues before the court and ascertains and declares the rights of the parties involved.’ Bean v. Craig, 557 So.2d 1249, 1253 (Ala.1990) (citing Taylor v. Taylor, 398 So.2d 267 (Ala.1981)).”
Newman v. Newman, 957 So.2d 1153, 1155 (Ala.Civ.App.2006).
In the case now before us, the juvenile court adjudicated, among other things, the mother’s claims seeking to modify the father’s child-support obligation, seeking to find the father in contempt, and seeking an award of an attorney’s fee. However, the juvenile court failed to adjudicate the mother’s claims seeking from the father past-due child-support payments and seeking to find the child dependent. Because the juvenile court failed to completely adjudicate the mother’s claims, the judgment is nonfinal. Accordingly, we must dismiss the mother’s appeal. See Newman, supra. We express no opinion regarding the sufficiency of the mother’s dependency petition. The father’s request for an attorney’s fee on appeal is denied.
APPEAL DISMISSED.
THOMPSON, P.J., and THOMAS and MOORE, JJ., concur.
PITTMAN, J., concurs in the result, without writing.

. The record indicates that the mother paid a filing fee when she filed her February 28, 2007, petition. The payment of a filing fee commences an independent action. See Moore v. Moore, 849 So.2d 969, 971 (Ala.Civ. App.2002) (concluding that a party had initiated an independent action, which was assigned a new extension number, when that party paid a filing fee).
Although the mother purported to answer the father’s petition, which had been assigned case no. JU-00-936.04, " ' "in consolidated actions ... pleadings in one action do not become ... pleadings in the other.” ’ Ex parte Flexible Prods. Co., 915 So.2d 34, 50 (Ala.2005) (quoting Teague v. Motes, 57 Ala. App. 609, 613, 330 So.2d 434, 438 (Civ. 1976))." Solomon v. Liberty Nat'l Life Ins. Co., 953 So.2d 1211, 1222 (Ala.2006).