THOMAS, Judge.
 

 In 1991, Daryl Eugene Noll (“the father”) and Linda Noll (“the mother”) were divorced by a judgment of the Mobile Circuit Court (“the trial court”). There was one child (“the child”) born of the parties’ marriage, who was three years old at the time the parties were divorced. In July 2006, the mother petitioned the trial court for an award of postminority educational support to require the father to pay for a portion of the child’s college-education expenses. The trial court entered a judgment on February 15, 2007, ordering the father to pay $600 per month in postminority educational support. The father timely moved the trial court to set aside its February 15, 2007, judgment, arguing that he did not have sufficient notice of the hearing on the mother’s petition. On April 16, 2007, the trial court set aside its February 15, 2007, judgment and scheduled a new hearing on the mother’s petition for post-minority educational support. Following a May 2007 hearing, the trial court entered a judgment on May 14, 2007, ordering the father to pay $600 per month in postminority educational support.
 

 In December 2007, the mother moved the trial court to hold the father in contempt for failure to pay the court-ordered postminority educational support. On March 10, 2008, the father moved the trial court, pursuant to Rule 60(b), Ala. R. Civ. P., to set aside the May 14, 2007, judgment. The father argued in his Rule 60(b) motion that his attorney had failed to notify him of the May 2007 hearing. On July 10, 2008, the trial court granted the father’s Rule 60(b) motion, set aside its May 14, 2007, judgment, ordered the father to pay $600 per month in “pendente lite” postminority educational support, and set a hearing date on the mother’s motion for contempt and to review the father’s compliance with its award of “pendente lite” postminority educational support.
 

 Following a hearing, the trial court entered a judgment on January 13, 2009, ordering the father to pay $300 per month in postminority educational support for a period of 48 months, beginning in August 2005. The father filed a postjudgment motion; the mother filed a postjudgment motion and a motion for contempt. The trial court denied the father’s and the mother’s motions. The father subsequently appealed to this court.
 

 
 *278
 
 Neither party has raised the issue of this court’s jurisdiction over this appeal. However, because jurisdictional matters are of such magnitude, this court is permitted to notice a lack of jurisdiction
 
 ex mero motu. See Reeves v. State,
 
 882 So.2d 872, 874 (Ala.Civ.App.2003).
 

 The trial court entered a judgment on May 14, 2007, ordering the father to pay $600 per month in postminority educational support. On March 10, 2008, nearly 10 months after the trial court entered its judgment, the father moved the trial court, pursuant to Rule 60(b), to set aside its May 14, 2007, judgment. In his Rule 60(b) motion, the father alleged that his counsel had not given him notice of the May 2007 hearing.
 
 [1]
 
 Although the father does not state which subsection of Rule 60(b) he relied on, the allegations in his motion could fall under only Rule 60(b)(1), which allows relief from a judgment for “mistake, inadvertence, surprise, or excusable neglect.”
 
 See Dobbins v. Anderson,
 
 496 So.2d 63, 64 (Ala.Civ.App.1986) (holding that Rule 60(b)(1) applied to a motion alleging that the defendant did not have notice of the trial date);
 
 see also Ex parte Hartford Ins. Co.,
 
 394 So.2d 933, 935 (Ala.1981)(holding that Rule 60(b)(1) applied to a motion alleging that an attorney inadvertently failed to discover that a case had been dismissed), and
 
 Godard v. AT & T Credit Corp.,
 
 690 So.2d 383, 385-86 (Ala.Civ.App.1996) (holding that Rule 60(b)(1) applied to a motion alleging that the defendant failed to respond to a complaint because of confusion in the defendant’s legal department). A Rule 60(b)(1) motion must be brought within four months of the entry of the judgment from which relief is sought.
 
 See
 
 Rule 60(b) (“The motion shall be made within a reasonable time, and for reasonf ] (1) ... not more than four (4) months after the judgment, order, or proceeding was entered or taken.”). The father brought his Rule 60(b) motion nearly 10 months after the entry of the May 14, 2007, judgment, well outside the 4 months allowed by Rule 60(b). Thus, the father’s motion was untimely if it is construed as a Rule 60(b)(1) motion.
 

 The father’s Rule 60(b) motion could be considered timely if the motion could be construed as a Rule 60(b)(6) motion.
 
 [2]
 
 There is no strict time limitation for filing a motion pursuant to Rule 60(b)(6); it only has to be brought within a “reasonable time.” Rule 60(b)(6) “is designed to operate exclusive of the specific grounds listed in Rule 60(b)(1) through (5), and a party may not escape the time limits of Rule 60(b)(1) merely by characterizing his motion as a Rule 60(b)(6) motion.”
 
 Ex parte Hartford Ins. Co.,
 
 394 So.2d at 936. Because the failure of the father’s attorney to notify the father of the hearing is included in the grounds in Rule 60(b)(1), the father’s motion would generally be excluded from consideration under Rule 60(b)(6).
 

 Alabama courts have recognized an exception to this rule when “in the interest of justice, aggravating circumstances may be considered sufficient to allow the trial court to treat what would otherwise be a Rule 60(b)(1) motion as within Rule 60(b)(6).”
 
 R.E. Grills, Inc. v. Davison,
 
 641 So.2d 225, 229 (Ala.1994). Alabama courts have found that sufficient aggravating circumstances existed when an attorney had intentionally misled his client or when the attorney had suffered from psychological disorders or other personal problems. Godard, 690 So.2d at 386 (citing
 
 Lee v. Tolleson,
 
 502 So.2d 354 (Ala.1987), and
 
 Ex parte
 
 
 *279
 

 Oden,
 
 617 So.2d 1020 (Ala.1992)). However, the father’s motion did not contain any allegations of aggravating circumstances necessary for the trial court to treat his motion as a Rule 60(b)(6) motion. Accordingly, the father’s Rule 60(b) motion cannot be considered a Rule 60(b)(6) motion.
 
 See Davison,
 
 641 So.2d at 230. Therefore, the father’s motion could have been made only pursuant to Rule 60(b)(1), and, as such, it was untimely.
 

 A trial court lacks jurisdiction to consider an untimely Rule 60(b) motion.
 
 See Harris v. Cook,
 
 944 So.2d 977, 981 (Ala.Civ.App.2006) (holding that the trial court lacked jurisdiction to entertain a Rule 60(b)(2) motion that had been brought 15 months after the entry of the judgment);
 
 see also Schneider Nat’l Carriers, Inc. v. Tinney,
 
 776 So.2d 753, 756 (Ala.2000)(holding that the trial court was jurisdietionally barred from granting an untimely Rule 60(b) motion), and
 
 McDonald v. Cannon,
 
 594 So.2d 128, 129 (Ala.Civ.App.l991)(holding that the trial court lacked jurisdiction over a Rule 60(b)(1) motion that had been filed more than four months after the entry of the judgment). Accordingly, the trial court lacked jurisdiction to grant the father’s March 10, 2008, Rule 60(b) motion and to set aside its May 14, 2007, judgment. A judgment entered without jurisdiction is void.
 
 Riley v. Pate,
 
 3 So.3d 835, 838 (Ala.2008). Therefore, the trial court’s July 10, 2008, order purporting to set aside its May 14, 2007, judgment is void. Because the trial court’s July 10, 2008, order is void, its subsequent January 13, 2009, judgment, to the extent that that judgment is based on its July 10, 2008, order, is also void.
 
 Englebert v. Englebert,
 
 791 So.2d 975, 977 (Ala.Civ.App.2001).
 

 Because the trial court purportedly set aside the May 14, 2007, judgment, it did not determine in its January 13, 2009, judgment whether the father had complied with the May 14, 2007, judgment, or whether the father should be held in contempt, as requested by the mother. Because we hold that the trial court’s order purporting to grant the father’s Rule 60(b) motion is void, and, therefore, because the May 14, 2007, judgment remains valid, the mother’s motion for contempt requires adjudication. The trial court’s January 13, 2009, judgment does not dispose of all the issues in controversy between the parties, and, as such, it is not a final judgment.
 

 “An appeal ordinarily lies only from the entry of a final judgment. Ala.Code 1975, § 12-22-2;
 
 Bean v. Craig,
 
 557 So.2d 1249, 1253 (Ala.1990). A judgment is generally not final unless all claims, or the rights or liabilities of all parties, have been decided.
 
 Ex parte Harris,
 
 506 So.2d 1003, 1004 (Ala.Civ.App.1987).”
 

 Henning v. Henning,
 
 999 So.2d 523, 525 (Ala.Civ.App.2008). Accordingly, we must dismiss the appeal.
 

 Because the trial court lacked jurisdiction to entertain the father’s Rule 60(b) motion and because the father has appealed from a nonfinal judgment, we dismiss the appeal with instructions for the trial court to vacate its July 10, 2008, order purporting to grant the father’s March 10, 2008, Rule 60(b) motion, to vacate its January 13, 2009, judgment, and to hold a hearing on the mother’s motion for contempt.
 

 APPEAL DISMISSED WITH INSTRUCTIONS.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
 

 [1]
 

 . The father's counsel attended the hearing and represented the father’s interests.
 

 [2]
 

 . Rule 60(b)(6) provides for relief from a judgment for "any other reason justifying relief from the operation of the judgment.”