THOMPSON, Presiding Judge.
On November 15, 2010, Shanna Renae Hays Faulkner (“the mother”) filed a petition in the Jefferson Circuit Court (“the trial court”) against Brandon Gregory Hays (“the father”). The parties were divorced pursuant to a February 26, 2002, judgment of the trial court. Pursuant to that divorce judgment, the father was ordered to pay $528 per month in child support for the parties’ minor child. A September 8, 2009, judgment (“the September 2009 judgment”) modified the father’s child-support obligation to require him to pay $169 per month in child support and $304 per month toward a $9,115.86 accumulated child-support arrearage. The father answered the mother’s November 15, 2010, petition in this action, and he sought to have the mother held in contempt with regard to a visitation issue.
On October 29, 2012, the mother moved to amend her petition to modify. In that amended ■ petition, the mother requested that the earlier judgments be modified to include a provision addressing the responsibility of each party to pay a portion of the child’s medical expenses not covered by health insurance.
The next day, on October 30, 2012, the mother filed a motion, purportedly pursuant to Rule 60(b), Ala. R. Civ. P., in which she alleged that the father had committed fraud upon- the court in the modification action resulting in the September 2009 judgment. In support of that October 30, 2012, motion, the mother submitted emails indicating that, in 2009, the father and his employer, Tarrant Hydraulic Service, LLC (“Tarrant Hydraulic”), falsely represented the father’s income so as to reduce the amount of child support for which the father could be found to be responsible in the then pending modification action. The mother submitted an email between employees of Tarrant Hydraulic dated August 7, 2009, and addressed to “To Whom it May Concern,” that stated: “This letter verifies that [the father], an employee of Tarrant Hydraulic, was hired at the rate of $13 per hour on July 27, 2009.” The September 2009 modification judgment was presumably based on that stated income.
*331 In support of her October 30, 2012, motion, the mother also submitted a copy of a September 28, 2009, internal e-mail from a Tarrant Hydraulic employee to Tarrant Hydraulic’s general manager that stated:
“[The father] made $21.40 and had a gas card and truck. He came back going in tool box for $22.50, he asked me to pay him $13 for a while for lawyer reasons. He is now ready for regular pay. I told him it would take a couple of weeks because of the process it goes through. If you don’t mind, pass the word along to Barbara about the change of pay. I can bring it up at manager’s meeting tomorrow for vote if that is proper protocol.”
The Tarrant Hydraulic general manager responded to that e-mail, saying: “I will forward to Barb that it is ok. We will also discuss at the Manager’s meeting also!” Handwritten notations on the copy of the e-mail the mother alleges she received from Tarrant Hydraulics in response to a discovery request read: “set up 9-25-09,” “to get out of full child support,” and “had it [illegible] ask for original note.”
In her October 30, 2012, motion, the mother stated that she was seeking relief from the September 2009 judgment as an “independent action.” In that motion, she sought to set aside the September 2009 judgment and to obtain a retroactive award of child support based on the father’s true income. The father later filed an amended answer denying the material allegations of the amended petition and a separate, December 14, 2012 “objection” to the mother’s October 30, 2012, motion. The mother also filed a November 5, 2012, motion seeking an increase in pendente lite child support, and the trial court scheduled that motion for a hearing. On December 21, 2012, the father moved to dismiss the mother’s October 30, 2012, “Rule 60(b)(3)” motion.
The trial court entered orders scheduling all pending motions for trial. On March 6, 2013, the trial court entered an order on the mother’s motion for pendente lite relief. The trial court ordered the father to pay $514.92 per month in penden-te lite child support and specified that the parties were equally responsible for the payment of any of the child’s medical expenses not covered by health insurance.
On April 19, 2013, the mother again moved to amend her pleadings, alleging that the father had failed to pay pendente lite child support pursuant to the March 6, 2013, order and that the father had failed to properly notify her of a change in his principal residence. The trial court granted the mother’s motion to amend.
On May 7, 2013, the father renewed his motion to dismiss the mother’s October 30, 2012, motion seeking relief from the September 2009 judgment. The father also moved for an award of immediate summer visitation and sought to have the mother held in contempt for denying him that visitation. On December 17, 2013, the father filed another motion to dismiss the mother’s October 30, 2012, motion in which he argued, for the first time, that the mother was required to pay a filing fee in support of that motion.
On January 16, 2014, the trial court entered an order granting the father’s motion to dismiss the mother’s October 30, 2012, motion. The mother timely appealed. The father has not favored this court with a brief on appeal.
In her October 30, 2012, motion, the mother alleged that she was entitled to relief from the September 2009 judgment because of what she said was the father’s fraud in allegedly arranging with his employer to suppress the true amount of his gross income until after the resolution of the child-support-modification action pend *332 ing at that time.[1] Thus, the mother argued in that motion that she sought relief from the September 2009 judgment on the basis of fraud, purportedly pursuant to Rule 60(b)(3). Rule 60(b), Ala. R. Civ. P., allows a party to seek relief from a judgment under certain circumstances:
“On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)[, Ala. R. Civ. P.]; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.”
The father argued that the mother’s October 30, 2012, motion was not timely filed under Rule 60(b).[2] Rule 60(b) specifies that relief sought pursuant to Rule 60(b)(1), (2), or (3) must be requested “not more than four (4) months” after the judgment sought to be set aside. It is clear that the mother’s October 30, 2012, motion was filed well in excess of four months following the entry of the September 2009 judgment. However, Rule 60(b) also states:
“This rule does not limit the power of the court to entertain an independent action within a reasonable time and not to exceed three (3) years after the entry of the judgment (or such additional time as is given by § 6-2-3 [governing the statute of limitations in actions seeking relief on the ground of fraud] and § 6-2-8, Code of Alabama 1975), to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court.”
Rule 60(b) (emphasis added).
The record also demonstrates that the mother’s October 30, 2012, motion was filed in excess of three years following the entry of the September 2009 judgment. However, the time for filing an independent action for relief from a judgment based on the ground of fraud may be further tolled under § 6-2-3, Ala.Code *333 1975, which statute provides that a fraud claim accrues upon the discovery of the alleged fraud and that an action must be filed within two years of that discovery. Taylor v. Newman, 93 So.3d 108, 114 (Ala.Civ.App.2011). See also Waldrop v. Waldrop, 395 So.2d 60, 61 (Ala.Civ.App.1980) (“[A]n independent action under Rule 60(b) must be brought within three years after entry of a judgment or [two years] after discovery of any fraud.... ”); and Shires v. Shires, 471 So.2d 437, 439 (Ala.Civ.App.1985) (same). Our supreme court has stated that the provision in Rule 60(b) recognizing a court’s power to entertain an independent action “is not an affirmative grant of power but merely allows continuation of whatever power the court would have had to entertain an independent action if the rule had not been adopted.” Brice v. Brice, 340 So.2d 792, 795 n. 2 (Ala.1976) (citing Simons v. United States, 452 F.2d 1110 (2d Cir.1971)). Further, this court has noted that the provision in Rule 60(b) recognizing the power of the court to entertain an independent action for relief from a judgment on the basis of fraud
“continues whatever power the court would have had to entertain an independent action if the rule had not been adopted.... Thus, the trial court has inherent power to afford relief from a judgment because of supervening invalidity based on fraud practiced on the court by a party in the procurement of the judgment.”
Denton v. Sanford, 383 So.2d 847, 848-49 (Ala.Civ.App.1980).
The mother has argued, both before the trial court and before this court, that her October 30, 2012, motion constituted a new, independent action, both because of the timing of the filing of the motion and because of the nature of the relief the mother sought.[3] We agree. The mother’s October 30, 2012, motion is not a motion filed pursuant to Rule 60(b) but, rather, is an independent action contemplated by that rule, seeking to set aside the September 2009 judgment on the basis of fraud. See Spindlow v. Spindlow, 512 So.2d 918, 920 (Ala.Civ.App.1987) (“Rule 60(b)(6) authorizes the filing of an independent action to relieve a party from a judgment for ‘fraud upon the court’ if the independent action is brought within three years after the entry of the judgment or within the additional time of two years after the discovery of the fraud as is now permitted by section 6-2-3 of the Alabama Code of 1975 (1986 Cum.Supp.). We will consider the husband’s motion as being such an independent action.”).
The record indicates that the mother first learned of the father’s alleged fraud in March 2012, during discovery in the mother’s underlying modification action. Accordingly, we conclude that the record in this appeal indicates that the time for initiating the independent action should be deemed tolled by § 6-2-3 and, therefore, that the mother’s motion was timely filed. We note that, although the basis upon which the trial court granted the father’s motion to dismiss the mother’s October 30, 2012, motion is not clear, this court may affirm a correct decision on any basis. Boykin v. Magnolia Bay, Inc., 570 So.2d 639, 640 (Ala.1990). Therefore, even assuming that the trial court improperly dismissed the mother’s October 30, 2012, motion on the incorrect basis that it was not timely filed, this court must determine whether a basis exists that warrants affirming the dismissal.
The remaining basis on which the father sought to dismiss the mother’s Oc *334 tober 80, 2012, motion was that, because the mother filed her motion as an independent action, the mother was required to pay a filing fee in support of that new action. This court has held that the failure to pay a filing fee in the trial court is a jurisdictional defect. Hicks v. Hicks, 130 So.3d 184 (Ala.Civ.App.2012). The payment of a filing fee is a requirement for the commencement of an action. Vann v. Cook, 989 So.2d 556, 558-59 (Ala.Civ.App.2008); Hicks v. Hicks, supra.
On appeal, the mother asserts that she was not required to pay a filing fee for her October 30, 2012, motion, which she acknowledges constitutes an independent action. The mother cites Moore v. Moore, 849 So.2d 969 (Ala.Civ.App.2002). In that case, the wife sought relief, purportedly pursuant to Rule 60(b)(3), from a divorce judgment approximately one year after the entry of that judgment. This court concluded that the wife’s motion was not timely under Rule 60(b). However, this court agreed that the wife had maintained an independent action seeking relief from the divorce judgment on the basis of fraud and that, because the wife had paid a filing fee and the action was assigned a new number, the wife had initiated a new, independent action that was timely filed. Moore v. Moore, 849 So.2d at 971.
The mother in this case relies on a portion of Moore v. Moore in which this court, after concluding that the wife had filed an independent action, stated: “[E]ven if the wife had filed a Rule 60(b) motion, the comments to Rule 60 indicate that ‘courts have consistently treated a proceeding in form an independent action as if it were a motion, and vice versa, where one but not the other was technically appropriate, and any procedural difference between them was immaterial in the case.’ ‘Committee Comments on 1973 Adoption,’ Rule 60, Ala. R. Civ. P.” Id. The mother appears to argue that the statement that “any procedural difference between” a timely filed Rule 60(b)(3) motion and an independent action recognized by Rule 60(b) is “immaterial” and excuses compliance with procedural requirements such as the payment of a filing fee and service of process of an independent action.[4] We cannot agree. The interpretation advanced by the mother would nullify the four-month time limitation pursuant to which a Rule 60(b)(3) motion may be timely filed and would serve to negate the necessity for an independent action as recognized by Rule 60(b). To hold that the two forms of relief are procedurally equivalent would nullify any necessity for the distinction between the two that is made by Rule 60(b).
Rather, the statement quoted above from Moore v. Moore and the Committee Comments to Rule 60 indicates that the courts will treat a timely filed Rule 60(b)(3) motion and/or an independent action seeking relief from a judgment on the basis of fraud as the same in substance such that either a Rule 60(b)(3) motion or an independent action, whichever is appropriate given the timing of the filing, may be used to obtain the same relief, i.e., the setting aside of a judgment on the basis of fraud in the procurement of that judgment. In other words, a Rule 60(b)(3) motion filed within the four months allowed under Rule 60(b) .provides a method *335 for obtaining the same type of relief as would an independent action .recognized by that rule and filed within three years of the judgment (or a longer period permitted by the tolling allowed by § 6-2-8), and the filing of the independent action is, in substance, equivalent to a timely filed Rule 60(b)(3) motion. See Denton v. Sanford, 383 So.2d at 848 (“A Rule 60(b) motion for relief from judgment on the ground of fraud ... must be brought within four months of the judgment”; “[hjowever, an independent action for relief from a judgment may be brought after the four months has run.”).
In this case, the mother did not timely file a Rule 60(b)(3) motion within four months of the entry of the September 2009 judgment. Rather, she attempted to initiate an independent action seeking the same relief, which required the payment of a filing fee. See J.S. v. J.D.R., 987 So.2d 1147, 1148 n. 1 (Ala.Civ.App.2007) (“The payment of a filing fee commences an independent action.”). As the father argued in his motion to dismiss, the mother did not pay a filing fee in support of her October 30, 2012, motion that attempted to initiate ah independent action seeking relief from the September 2009 judgment. Accordingly, we conclude that the trial court properly dismissed that motion, and we affirm the judgment.
AFFIRMED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. The issue of whether the mother’s allegations concerning misrepresentations of the father's income in the earlier litigation constitutes fraud, such that relief from the September 2009 judgment would be appropriate, is not before this court in this appeal. See Hall v. Hall, 587 So.2d 1198 (Ala.1991) (holding, in part, that perjured evidence or misrepresentation would not constitute a fraud upon the court); and McGee v. Bevill, 111 So.3d 132 (Ala.Civ.App.2012) (applying Hall and holding that the alleged perjury would not constitute a fraud upon the court).

. We note that, in his initial objection to the mother’s October 30, 2012, motion and in his first two motions to dismiss that motion, the father argued that the trial court had not entered a judgment in the current action, i.e., case number DR-01-2700.02, and that, therefore, there could be no relief from a judgment entered in this action. It is clear, however, that the mother was seeking relief from the September 2009 judgment that was the subject of the previous modification action. The father also argued the merits of the mother’s fraud allegations in her motion, i.e., the factual question regarding whether he had fraudulently misrepresented the amount of his income or had conspired with Tarrant Hydraulics to do so. However, a factual dispute pertaining to the merits of the claims asserted in that motion would not warrant a dismissal of that motion.

. In her October 30, 2012, motion, the mother sought relief from the September 2009 judgment as well as an award of retroactive child support.

. We note that the father did not assert an argument before the trial court that the mother had failed to properly serve him with process for the October 30, 2012, motion. Before the trial court, the father argued other reasons for which he objected to the motion in his initial December 14, 2012, "objection” to the motion, in his December 21, 2012, motion to dismiss the mother’s motion, and in his May 7, 2013, renewed motion to dismiss that motion. Accordingly, we conclude that the father waived any argument he might have asserted pertaining to a lack of service of process. Rule 12(h)(1), Ala. R. Civ. P.