DONALDSON, Judge.
T.T. appeals from an order of the Baldwin Juvenile Court, (“the trial court”) denying his request for relief from a judgment pursuant to Rule 60(b)(6), Ala. R. Civ. P. We dismiss the appeal.
The record on appeal is devoid of several relevant pleadings and other pertinent documentation. Nonetheless, the following procedural history and facts can be construed from the limited record. In 1994, T.T. and K.M.G. were divorced by a judgment of a Georgia court (“the Georgia judgment”). At the time the Georgia judgment was entered, the parties had two minor' children. At some point thereafter, proceedings involving the parties were commenced in the trial court involving the Georgia judgment. Those proceedings were assigned case no. CS-95-166. On June 30, 1995, the trial court entered an order in case no. CS-95-166 directing T.T. to pay child support in the amount of $370 per month beginning on July 1, 1995. In that order, the trial court also found T.T. to be in arrears on his child-support obligation in the amount of $328. On the same day, the trial court entered an income-withholding order directing T.T.’s employer to deduct the monthly amount of T.T.’s child-support obligation from T.T.’s income.
At some undetermined point thereafter, K.M.G. apparently filed a petition for a finding of contempt against T.T. based on his alleged failure to pay child support. The proceedings arising from that petition were docketed as case no. CS-95-166.02. On January 26, 2004, the trial court entered an order in ease no. CS-95-166.02 *474 directing T.T. to pay $3,296.08 to purge himself of contempt of court.
On April 14, 2004, K.M.G. filed a petition for a finding of contempt against T.T. and for a modification of the Georgia judgment. The proceedings arising from that petition were docketed case no. CS-95-166.03. A notation in the record indicates that that case was voluntarily dismissed by K.M.G. on July 20; 2004.
K.M.G. apparently commenced another contempt action at some later point, which was docketed as case no. CS-95-166.04. On April 18, 2011, the trial court entered a judgment in case no. CS-95-166.04 stating as follows:
“This cause having come before the Court for the trial of [K.M.G.’s] Petition for Rule Nisi and Entry of Judgment on April 8, 2011, and [T.T.] having been personally served with a Summons and Petition, failing to appear for trial, and failing to answer or otherwise defend the Petition for Rule Nisi and Entry of Judgment, and this Court receiving sworn testimony and exhibits from [K.M.G.], the Court does
“HEREBY ORDER, ADJUDGE AND DECREE as follows:
“1. Default Judgment is granted in favor of [K.M.G.] and against [T.T.] ⅛ the amount of $171,680.62, which includes the following amounts: $170,758.97 (child support arrearage plus interest); $750.00 (reasonable attorney’s fees); and $171.65 (costs of court), for which execution shall issue.”
On April 21, 2014, T.T. filed an independent action in the trial court seeking relief pursuant to Rule 60(b), Ala. R. Civ.' Pi, from the April 18, 2011, judgment entered in case' nó. CS-96-166.04, and' the trial-court clerk docketed that action as case no. OS-95-166.05. In his request for relief, T.T. contended that he had been served with the summons and the contempt petition filed by K.M.G. in case no. CS-95-166.04 but that he did not receive notice of the final hearing held on April 8, 2011. As a result of his failure to appear, he contended, the trial court entered the default judgment in the amount of $171,680.62. He contended that he owed
“no child support arrearage, which can be verified through the attached Court orders, and other documents and therefore the Final Judgment entered on April 18, 2011, must be a mistake, clerical error, or supported by fraudulent evidence and testimony. Furthermore, the Final Judgment entered on April 18, 2011, is unconscionable and not in furtherance of justice.”
The trial court held a hearing on T.T.’s request for relief on August 28, 2014, at which the trial court heard arguments of counsel for the parties. Counsel for K.M.G. argued that T.T.’s independent action was untimely under Rule 60(b). In open court, the trial court stated as -follows:
“[I]t appears to me that [T.T.] had opportunities to contest these things prior to now — or prior to then. Then, being 2011. And that when he’s served with process at some point it becomes his responsibility to make sure his address is correct at the clerk’s office. ’ What address the opposing counsel writes down for him is not controlling. It is the address that the clerk holds 'and each person who is a litigant is responsible for keeping their address current at the clerk’s office, that you can’t go blaming the other side’s lawyer for your address being wrong at the clerk if you don’t go and update it. After you’ve been served and already had certain opportunities to be involved, you can’t go blame it on somebody else and then slightly more than three years later ask it be undone. I think there were ample *475 opportunities to have addressed these things. And that [T.T.] had- in fact acted at other times in the court, I’m kind of surprised he didn’t act at these other times prior to 2011 since apparently he’s used to court. I don’t think I can grant it, regardless of how fair or unfair it may sound_’’
On the same day as the hearing, the trial court entered an order denying T.T.’s request for relief pursuant to Rule 60(b). T.T. filed a timely notice of appeal to this court on September 9,2014.
On appeal, T.T. contends that the trial court erred in dismissing'his independent action commenced pursuant to Rule 60(b) on the basis that it was untimely. He argues that ■ the action was commenced within a “reasonable time” after entry , of the judgment in case no. CS-95-166.04. Rule 60(b) provides, in pertinent part:
“On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)[, Ala. R. Civ. P.]; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. ‘ The motion shall be made within a reasonable time, and for reasons (-1), (2), and (3) not more than four (4) months after the judgment, order, or proceeding was entered-or taken.. .. This rule does not limit the power of a court to entertain an independent action within a reasonable time and not to exceed three (3) years after the entry, of the judgment (or such additional time as is given by § 6-2-3 and § 6-2-8, Code of Alabama 1975) to relieve a-party from a. judgment, order, or proceeding, or to set- aside a judgment for fraud upon the court.”
(Emphasis a.dded.)
On appeal; T.T. argues that his Rule 60(b) action was commenced pursuant to Rule 60(b)(6), the “catch all” provision of Rule 60(b) that authorizes a trial court to grant relief from a judgment for “any other reason justifying relief.” He makes nó argument on appeal that he sought relief pursuant to Rule 60(b)(1), (3)/ or (4). “Generally, an appellate court is limited to considering only those issues raised on appeal. Harding v. Pierce Hardy Real Estate, 628. So.2d 461, 462 (Ala. 1993). The failure to raise an issue on appeal is. the equivalent of waiving the issue. 628 So.2d at 462.” Ex parte Professional Bus. Owners Ass’n Workers’ Comp. Fund, 867 So.2d 1099, 1101 (Ala. 2003). Our supreme court has noted, that Rule 60(b)(6) “is mutually exclusive of the specific grounds of clauses (1) through (5), and a party may not obtain relief under clause (6). if it would have been available under clauses (1). through (5).” RE. Grills, Inc. v. Damson, 641 So.2d 225, 229 (Ala.1994)..
Rule 60(b) provides that an independent action for-relief from a judgment shall be filed “within a reasonable time and not to exceed three (3) years after the entry of the judgment — ” This court has previously recognized that an independent action seeking relief pursuant*'to Rule 60(b)(6) should be'filed within three-years after the entry of the judgment.- Spindlow *476 v. Spindlow, 512 So.2d 918, 920 (Ala.Civ.App.1987)(holding that “Rule 60(b)(6) authorizes the filing of an independent action to relieve a party from a judgment for ‘fraud upon the court’ if .the independent action is brought within three years after the entry of the judgment or within the additional time of two years after the discovery of the fraud as is now permitted by section 6-2-3 of the Alabama Code of 1975 (1986 Cum.Supp.)”).
The Committee Comments on the 1973 Adoption of Rule 60 state that “[t]here is little procedural difference ber tween [a motion and an independent action], and since nomenclature is .unimportant, courts have consistently treated a proceeding in form an independent action as if it were a motion, and vice versa, where one but not the other was technically appropriate, and any-procedural difference between them was immaterial in the case.” The Committee Comments, however, also provide that an “[a]ttack .on the judgment by an independent proceedm^ for whatever cause, must be made within three years after entry of the judgment.” Id. In Faulkner v. Hays, 160 So.3d 329 (Ala.Civ.App.2014), this court held that
“the Committee Comments to Rule 60 indicate[] that the courts will treat a timely filed Rule 60(b)(3) motion and/or an independent action seeking relief from a judgment on the basis'of fraud as the same in substance such that either a Rule 60(b)(3) motion or an independent action, whichever is appropriate given the timing of the filing, may be used to obtain the same relief, i.e., the setting aside of a judgment on the basis of fraud in the procurement of that judgment.”
160 So.3d at 334. We also concluded in Faulkner that the filing of an independent action under Rule 60(b) does not excuse “compliance with procedural requirements such as the payment of a filing fee and service of process of an independent action.” Id. Likewise, as noted above, when an independent action pursuant to Rule 60(b)(6) is commenced in lieu of filing a Rule 60(b) motion in the original case, the rule, requires that the independent action be commenced within three years of the entry of the judgment being challenged, unless the time .for commencing the action is tolled by § 6-2-3 and § 6-2-8, Ala.Code 1975. Although th.e document filed by T.T. was styled as a Rule 60(b) motion, T.T. electronically filed a pleading commencing an independent action that was separately docketed by the clerk as a new proceeding. Therefore, T.T, chose to attack the judgment by an independent action rather than by a motion filed in the original case.
T.T.’s independent' action seeking relief pursuant to Rule 60(b)(6) was commenced on April 21, 2011, or 3 years and 3 days after the entry of the April 18, 2011, judgment. ' The action was commenced three days beyond the period authorized by the rule. Therefore, pursuant to the language of Rule 60(b), T.T.’s independent action attacking the judgment in case no. CS-95-166.04 under Rule 60(b)(6) was untimely.
“A trial court lacks jurisdiction to consider an untimely Rule 60(b) motion. See Harris v. Cook, 944 So.2d 977, 981 (Ala.Civ.App.2006) (holding that the trial court lacked jurisdiction .to entertain a Rule 60(b)(2) motion that had been brought 15 months after the entry- of the judgment); see also Schneider Nat’l Carriers, Inc. v. Tinney, 776 So.2d 753, 756 (Ala.2000)(holding that the trial court was jurisdictionally barred from granting an untimely Rule 60(b) motion), and McDonald v. Cannon, 594 So.2d 128, 129 (Ala.Civ.App.l991)(holding that the trial court lacked jurisdiction over a Rule 60(b)(1) motion that had been filed *477 more than four months after the entry of the judgment).” ’
Noll v. Noll, 47 So.3d 275, 279 (Ala.Civ. App.2010). The trial court lacked jurisdiction to entertain T.T.’s Rule 60(b)(6) independent action, which was not timely commenced, and the trial court’s August 28, 2014, order denying T.T.’s requested relief is void. A void judgment will not support an appeal. Accordingly, we dismiss T.T.’s appeal with instructions to the trial court to vacate its order of August 28, 2014.
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, J., concur.
THOMAS, J., dissents, with writing, which MOORE, J., joins.